[No. 296.   Decided January 12, 1892.]

LITTELL & SMYTHE MANUFACTURING COMPANY, *Respond-
ent*, v. P. B. M. MILLER, *Appellant*.

HUSBAND AND WIFE—COMMUNITY PROPERTY—MECHANICS' LIENS—FORE-
CLOSURE—PARTIES.

Under § 2410, Code 1881, giving the husband the management and
control of community real property, and providing that such property
shall be subject to the liens of mechanics and others for labor and
materials furnished in erecting structures thereon, the husband is em-
powered to contract for the erection of buildings on the community
real estate and subject it to mechanics' liens.

Sec. 2398, Code 1881, abolishing all laws which impose or recognize
civil disabilities upon a wife which are not imposed or recognized as
existing as to the husband, is limited by §§ 2409, 2410, Code 1881, on
the ground that general provisions must yield to special ones.

In all suits to foreclose liens upon community real estate the

wife is a necessary party defendant, and in such cases § 1959, Code 188 , authorizing the interest of a party owning less than a fee simple to be sold on execution, does not apply.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*Stratton, Lewis & Gilman,* for appellants.

*Thomas T. Littell,* and *I. M. Hall,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to foreclose a lien under chap. 138 of the Code of 1881, for materials furnished by the respondent which entered into the construction of a building situated upon certain real estate, which the respondent alleged belonged to the appellant. The appellant answered, denying that he owned anything more than a community interest therein, and alleging that said property was the community property of the appellant and his wife, Eva J. Miller, setting up the necessary facts to show its community character. A demurrer thereto by the appellant, that said answer stated no facts to constitute a defense, was sustained by the court. Proof was taken as to other issues, and a judgment was entered directing a sale of the interest of the appellant in said real estate.

It is contended that, as the husband has no power to sell the community real estate, he cannot accomplish by indirection what the law will not permit him to do directly; that he has no power to create any charge or encumbrance under which community lands can be sold; that there can be no involuntary alienation where there is no power to convey voluntarily, and that in any event the wife was a necessary party to the action. It is necessary to first consider § 2410 of our 1881 Code, which reads as follows:

"SEC. 2410. The husband has the management and control of the community real property, but he shall not sell,

convey or encumber the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered, and such deed or other instrument of conveyance must be acknowledged by him and his wife: *Provided, however,* That all such community real estate shall be subject to the liens of mechanics and others for labor and materials furnished in erecting structures and improvements thereon, as provided by law in other cases, to liens of judgments recovered for community debts, and to sale on execution issued thereon."

If the provision in this section is to be given any force at all, it must mean that the husband may contract for the erection of a building upon the community real estate, and thus subject it to the liens provided for in such cases. If the husband and wife both contract the debt, the property would clearly be liable therefor, and to the liens, without the provision. It is a rule of construction that effect should be given to every part of a statute when it can be done. The management and control of the community real property is given to the husband, and the statute speaks as though he is the only member of the community who, acting alone, can create a charge against the same for improvements, and it plainly implies that he may do so, and also create debts against the community otherwise, independent of any action upon the part of the wife, by virtue of which a judgment lien may be obtained upon the community lands. It also provides that such lands may be sold on execution issued upon a judgment for a community debt, and, if it means anything, it must mean that such debts may be created by the husband independent of any specific appointment of him by the wife as her agent to represent her in community matters, and without any participation by her in the contract. To this extent the law appoints him the agent of the community; for where both members of the community contract, their community

property would be liable therefor without the provision, as would also their separate property, so far as the creditor is concerned, although it might be as between each other they would under some circumstances be entitled to relief; and although the court might, upon request, require that either the separate property of one, or the community property, as the case might be, should be first exhausted. No such powers seem to be given to the wife generally in relation to the community matters. She is only spoken of in this section as in connection with the limitation upon the husband's power to sell or convey or to encumber otherwise than as is specified in the provision therein.

Doubtless the wife can create a charge against the community for necessary family expenses, and also such as may be necessary for the proper education of the children. Sec. 2407 authorizes this. Sec. 2403 can have effect as to the separate property, or as to conferring additional powers concerning the community property. Secs. 2396 and 2406 can only relate to separate property, and thus far there is no conflict. There is a conflict as to § 2398, which is as follows:

"SEC. 2398. All laws which impose or recognize civil disabilities upon a wife, which are not imposed or recognized as existing as to the husband, are hereby abolished, and for any unjust usurpation of her natural or property rights, she shall have the same right to appeal, in her own individual name, to the courts of law or equity for redress and protection, that the husband has: *Provided, always,* That nothing in this chapter shall be construed to confer upon the wife any right to vote or hold office, except as otherwise provided by law."

But this section has not been recognized as having the sweeping force the first part of it seems to carry. Certainly, the scope of its general language is limited by §§ 2409 and 2410 on the ground that general provisions must yield to special ones, where there has been no repeal. These

sections were substantially originally contained in separate enactments which, however, were both approved upon the same day, November 14, 1879. Sec. 2398 is found as § 1 of an act to be found at page 151 of the Session laws of 1879. It was carried forward into the code with a slight change referring to the chapter 183 of which it is a part. This section "abolished" all prior laws in conflict therewith. The part of § 2409 referred to is found as § 7 of an act to be found at page 77 of said Session Laws, and § 2410 appears as § 8 of said act. This act repealed all acts in conflict therewith, or on the subject-matter thereof. The fact that the act containing what is now § 2398 is found at a later place in the published laws of that year would not show that it was approved later in the day than the other act, even if parts of a day could be taken into consideration, for the order of the different acts as published in that volume have no reference to dates of approval, later acts preceding earlier ones in many instances. Even with regard to different days the ordinary rule is to consider all acts passed at the same session as having been passed at the same time, and that they should be so construed as that the whole may stand where practicable. The Code of 1881, § 761, says:

"The provisions of this code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof and not as new enactments."

However these acts stood with relation to each other in these particulars prior to the adoption of the code, they were carried forward, or substantially reappear therein, in the same chapter, the order of their appearance being reversed therein in the arrangement of the various sections. Some changes are also made in each of them, the more important ones being in §§ 2409 and 2410, especially in the last one relating to liens of judgments for community debts and to sales on executions issued thereon. Under all the

circumstances, I also think these sections could be held in force on the ground that they have received later legislative consideration, or are later enactments.

Notwithstanding the fact, however, that the husband individually can incur the debt, in all suits to foreclose liens upon community real estate the wife is a necessary party defendant. She has at least as much right to contest the facts making the same a charge against the community as the husband has. There can be no sale of the husband's or wife's interest in the community property separately during the existence of the community. Sec. 1959 of the code, authorizing the interest of the party owning less than a fee simple to be sold, does not apply to such a case.

Reversed and remanded.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.