[No. 438. Decided May 18, 1892.]

JOHN SAGMEISTER, *Respondent,* v. LEVI W. FOSS, *Appellant.*

MECHANICS' LIENS—COMMUNITY PROPERTY—PARTIES.

A claim of lien against a husband, and his interest in certain realty, which shows on its face that the claimant has knowledge that the wife has a community interest in the real estate, is defective under § 1667, Gen. Stat., which requires a claim of lien to give the name of the owner or reputed owner of the land sought to be charged. (SCOTT, J., dissents.)

The wife is a necessary party to an action to foreclose a lien upon community real estate.

*Appeal from Superior Court, King County.*

Action by John Sagmeister against Levi W. Foss to enforce a mechanics' lien. From a decree in plaintiff's favor, defendant appeals.

*Burke, Shepard & Woods,* for appellant.
*Fred H. Peterson,* for respondent.

The opinion of the court was delivered by

STILES, J.—The claim for a lien set forth that the claimant, respondent here, claimed a lien upon a building located on the land described, "and also upon the interest of Levi W. Foss in the land upon which said building is constructed . . . of which said lot the said Levi W. Foss was, at the time of the commencement of the said work, and the furnishing of the said materials, the owner, subject to the community interest of the wife of the said Levi W. Foss." Appellant makes two objections, one of which applies to the lien and the other to the complaint, which named Levi W. Foss as the only defendant.

*First,* The claim of lien shows upon its face that the claimant had knowledge that Foss was a married man,

and that, having such knowledge, he was bound by the terms of the mechanics' lien law (Gen. Stat., § 1667), to give the name of the owner or reputed owner of the land sought to be charged. Not having named his wife he failed to comply with the statute, and therefore is not entitled to a lien. *Second,* Conceding that the notice was sufficient, the wife was not made a party to the foreclosure suit. Both these points we consider to be well taken. Apparently the claimant set out to foreclose the husband's interest in the community property, his wife being still alive. This he could not do, as was decided in *Littell & Smythe Manufacturing Co. v. Miller,* 3 Wash. 480.

The judgment will be reversed and the cause dismissed without prejudice to an action at law for the balance remaining due upon the contract. *Vendome Turkish Bath, Co. v. Schettler,* 2 Wash. 457.

ANDERS, C. J., and HOYT, J., concur.

DUNBAR, J., not sitting.

SCOTT, J. (*dissenting*).—I dissent. I think the notice sufficiently complied with the statute as to naming the owner or reputed owner of the lands sought to be charged, even though the property was community property. It answered every purpose in this respect which a notice could have served expressly naming the wife. The suit to foreclose the lien, commenced some time after the filing of the lien notice, only proceeded against the husband; no mention was made therein that the defendant was a married man at that time, or that the property was community property, and no such defense was pleaded or set up in the answer. On the contrary, the complaint alleged that the defendant was the owner of the property, and no issue was taken upon this point by the answer nor in the proof. In-

·cidentally it appears that one Mrs. Levi W. Foss was a wit-
:ness of the trial, but as to whether she had any interest in
the land at any time there is nothing to show beyond the
presumption that all property to which the legal title stands
in either husband or wife is presumed to be community
property, but this presumption could not obtain to over-
come the admission of the pleadings that the property was
owned by Levi W. Foss.   I think the notice was sufficient
in all respects, and if Levi W. Foss was the sole owner at
the time it was given, I do not think it would be inval-
idated because of the statement that he was the owner
"subject to the community interest of his wife" whatever
the fact was as to his having a wife at that time, and if it
was community property then the notice was sufficient, be-
cause it served every purpose that a notice could serve,
even though his wife's name was not mentioned.   Again,
it might have been community property at the time the
lien notice was filed, and have become his separate prop-
erty before the institution of the suit.

This was a proceeding to foreclose a lien, brought by
the contractor against the owner for work and materials
furnished and performed by the contractor upon his con-
tract with the owner.   The owner could in no wise be
misled by this notice, nor could third persons, because it
apprised them in any event that Foss was the owner of the
premises, and it was immaterial whether he had a wife or
whether she had an interest in the property because, as we
have held, if it was community property their interests could
not be separated or conveyed by either separately or inde-
pendently of the other, and if it was community property
notice to one of the owners was notice to both of them.
So far as third persons are concerned no possible injury
could result to anyone.   I think this is a case where the
statutory requirement that these lien laws should be liber-
ally construed could well be recognized.

Furthermore, I think that if the wife did have an interest in the property, it should have been set up in the answer. This should be held to be an affirmative defense, and so long as there was no allegation in the answer, and no denial of the allegations of the complaint that Foss was the owner of the premises, I think the judgment should have been affirmed. It is not necessary for us to consider what the effect of it would be in case it was community property. Probably the wife might prevent a sale of it under the decree, she not having been a party to the suit, unless she could be held to be estopped by her knowledge of its pendency. Anyhow, the husband should not be heard to raise the question here. It clearly appears that it was in no wise raised in the superior court. The lien notice was admitted in evidence without any objection; the court made findings of fact, although not required so to do in equity cases, and found that Levi W. Foss was the owner of this property. The appellant excepted to all the findings of fact made by the court excepting this particular one. These matters are mentioned only to show that the question was not called to the attention of the superior court in any way, nor proved or put in issue at the trial, and I think the appellant should be precluded from raising it upon appeal. Although an equity case is tried here *de novo*, it should, nevertheless, be limited to questions raised and litigated in the lower court other than jurisdictional ones. There were other questions presented upon the argument, but I do not think there was any error in the record.