[No. 556. Decided November 30, 1892.]

TACOMA LUMBER & MANUFACTURING COMPANY, *Respondent*, v. SAMUEL WOLFF, *Appellant*.

APPEAL — INTEREST OF APPELLANT — EFFECT OF DISMISSAL — ME-
CHANICS' LIENS — SUFFICIENCY OF NOTICE.

The conveyance of premises pending an action to foreclose a mechanic's lien thereon does not deprive the grantor of the right to appeal from the decree in the foreclosure proceedings when he still has an interest, by the terms of his contract of conveyance, in the result of the action.

The fact that an appeal has been dismissed upon appellant's motion will not bar a second appeal, if taken in time, when the only defect in the first appeal was the failure to file a bond within the prescribed time.

A claim of lien is defective in which the only statement of the terms and conditions of the contract is that the claimant agreed to furnish the contractors for the erection of a building certain windows, doors, mouldings, glass and lumber for the inside finish of said building, and that claimant was to furnish said materials at the times and in the manner requested by said contractors, as such a statement does not give the owner a sufficient notice of the lien claimed.

*Appeal from Superior Court, Pierce County.*

*Pritchard, Stevens, Grosscup & Seymour, James Wickersham,* and *Calkins & Shackleford,* for appellant.

*Judson & Sharpstein,* and *Crowley & Sullivan,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—Respondent moves to dismiss the appeal herein upon two grounds: (1) For the reason that the appellant no longer has any interest in the result of this action, the action being one to foreclose a lien on real estate, and appellant having conveyed the premises prior to the time the decree was entered in the court below, and under

the circumstances that he is not a party aggrieved. The second ground on which a dismissal is urged is, that an appeal had previously been taken in this cause by the appellant, and that he caused the same to be dismissed upon his own motion.

The facts relating to the first ground are made to appear by a petition to which appellant objects on the ground of its insufficiency, and to which he has filed an answer denying some of the matters therein alleged. It appears that appellant conveyed the premises pending the action, and that a warranty that the same were free from incumbrances excepting liens to the extent of four thousand dollars was given, without specifying what liens. According to appellant's showing he is interested in the result of this action to the extent of $2,600. The facts set up and proved by the respondent are insufficient to show that the appellant has no interest in the result of the action, and this ground is untenable.

As to the second ground urged, it appears that prior to the taking of this appeal, the appellant gave a notice of appeal, but through some inadvertence or excusable mistake, he neglected to file the appeal bond required until the sixth day after the notice was given, and the statute requires it to be filed within five days in order to render the appeal effectual. The respondent had moved to dismiss the cause for this reason in his brief, which was on file in this court, but, under our rules relating to the assignment of causes, said matter would not have come up for hearing until after the six months within which an appeal could have been taken would have expired. The appellant sought to call up this motion prior to that time, but his application therefor was denied. Thereafter appellant took an order dismissing the cause upon his own motion, and subsequently gave the notice of appeal under which the action is now here.

The respondent urges that the appellant could have but one appeal, and that having taken the appeal, and appeared here in court, and having asked for a judgment of dismissal therein, he was precluded from taking another appeal in the same action.    The appellant contends that the former notice should stand for nothing, as the statute (Code Proc., § 1407) provides that an appeal in a civil action or proceeding is ineffectual for any purpose unless within five days after the notice of appeal is given a bond be filed, etc., and therefore it could not be urged as a bar to the taking of this appeal.

There may be cases where a party having taken a defective appeal would be estopped from taking a valid one. But we do not think that this is such a case.   We never had jurisdiction of this cause prior to the taking of the present appeal for any purpose.   It is true that we could make an order, as we did do, to return the papers for the purpose of clearing our records, and it is immaterial at whose suggestion this order was made.    As we view the matter the appellant has only in effect obtained a decision of respondent's motion, wherein he had asked the court to dismiss the cause for the reasons stated, and under the circumstances appellant was not precluded from taking this appeal. The motion is denied.

### ON THE MERITS.

The lien notice in this case is fatally defective.    The action was brought to foreclose a lien for materials furnished which entered into the construction of a building owned by the defendant.    The materials were furnished to Huntington & Litle, who were the contractors, and who constructed the building under a contract with the owner, the defendant.    The only statement of the terms and conditions of the contract under which the materials were furnished contained in the lien notice is that said Huntington & Litle on

or about November 1, 1889, entered into a contract with plaintiff whereby it was agreed that said claimant should furnish to said contractors certain windows, doors, mouldings, glass and lumber for the inside finish of said building, and that claimant was to furnish said materials at the times and in the manner requested by said contractors Huntington & Litle. This statement, under previous holdings of this court, is clearly insufficient. A statement that they agreed to furnish certain windows, doors, etc., without specifying the quantity in any way or that the same were all the doors and windows, etc., used in the construction of said building, gives the owner no sufficient notice, and for that reason the judgment of the court below must be reversed.

The cause is remanded with instructions to dismiss it.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J., dissents.

### ON PETITION FOR RE-HEARING.

SCOTT, J.—A petition for re-hearing has been filed in this case, calling the attention of the court to the fact that judgment was obtained by the plaintiff in the superior court against Huntington & Litle, the contractors, for the said materials which were furnished to them. There was no appeal by Huntington & Litle from the judgment, and respondent asks that the judgment in this court be so far modified as to direct a dismissal of the cause only as to Samuel Wolff, who did appeal, and that it be allowed to stand as against the contractors, Huntington & Litle.

The respondent is entitled to this under the ruling in *Hildebrandt v. Savage*, 4 Wash. 524 (30 Pac. Rep. 643). Consequently, the order of this court heretofore made directing the action to be dismissed is modified to that extent, and the superior court is directed to dismiss the same as to

Samuel Wolff, the appellant, and the said judgment is allowed to stand in full force as against said contractors, Huntington & Litle.

ANDERS, C. J., and HOYT, J., concur.

STILES, J.— Upon authority of *Hildebrandt v. Savage*, I concur.