[No. 1246. Decided August 6, 1894.]

E. A. TURNER et al., *Appellants*, v. THE BELLINGHAM BAY LUMBER AND MANUFACTURING COMPANY et al., *Respondents*.

FORECLOSURE OF LIEN WITHOUT JOINING NECESSARY PARTIES — ENJOINING SALE.

Injunction will not lie to restrain the sale of community real estate against which a decree of sale had been entered in a proceeding for the foreclosure of a mechanic's lien, to which the wife had not been made a party. (HOYT, J., dissents.)

*Appeal from Superior Court, Whatcom County.*

*Fairchild & Rawson*, for appellants.

*Dorr, Hadley & Hadley*, for respondents.

The opinion of the court was delivered by

STILES, J.—In a suit to foreclose a lien for materials furnished for the building of a house, the principal respond-

ent in this action made the appellant E. A. Turner a party defendant, but did not make his wife a party. The lien notice and the complaint alleged E. A. Turner to be the owner of the land against which the lien was claimed. The answer admitted that Turner was the owner of an "interest" in the land, but denied that he was the "owner" of it. The case was tried by a jury, which found specially that he was the owner. Whether it was suggested at the trial that he was a married man or not does not appear. The lien was foreclosed, and the property ordered sold. And now come husband and wife and in this action seek to have the sale enjoined, upon the sole ground that the wife was not made a party defendant. The land was clearly made to appear to have been acquired by the husband after marriage, by purchase. Nothing appeared in the lien notice to show notice of the marriage relation of the Turners, as in *Sagmeister v. Foss*, 4 Wash. 320 (30 Pac. 80); and although one of the defendants, Whitney, alleged the marriage, as was done in *Littell & Smythe Manufacturing Co. v. Miller*, 3 Wash. 480 (28 Pac. 1035), no issue of that kind seems to have been submitted to the jury, unless it may be supposed to have been involved in the special interrogatory, to which it was answered that E. A. Turner was the owner.

There is no question of the wife's estoppel in this case, since the evidence shows that she was at all times within the jurisdiction, and that when the foreclosure action was commenced she was actually living in the house built with respondents' materials. The sole question is, does the complaint state facts which should cause the decree to be held void? The wife, under the decisions of this court, was a necessary party to the foreclosure proceeding, and unless she was made a defendant no judgment could be entered by the court upon which a sale could be made that would bind a purchaser to take the property. Our prac-

tice act requires that the wife, in such a case, be made a defendant, and the general practice of courts is and always has been, wherever proceedings were taken under which the title of real estate would be changed as a result thereof, to require all parties whom the record showed were interested in the subject matter of the action to be brought in either as plaintiffs or defendants, in order that a complete disposition of the whole matter might be obtained, and a perfect title passed to the purchaser.   But it has never been held that an action to foreclose a lien of this kind, where some necessary party was either accidentally or purposely omitted, was void, nor have we any precedent cited to us for a holding that the execution of a decree against such parties as were before the court ought to be enjoined. The reason for this is that the parties not brought in are in no manner bound by the judgment, and their rights cannot be interfered with through its operation. 2 Jones, Mortgages, §§ 1394, 1395; Wiltsie, Foreclosure, §§ 116, 117; Phillips, Mech. Liens, § 395.

It is not necessary for us to enter upon a discussion of what might be the result if the land involved in this suit should be sold under a decree against the husband alone. We shall not presume that any such thing will be done, now it has been fully disclosed that a necessary party has been omitted from the foreclosure proceeding.

So far as appellants in this action are concerned it was not necessary for them to resort to this action to preserve whatever rights they may have outside of the decree, and if they anticipate that the execution of the decree without Mrs. Turner's being a party to it will injuriously affect their interests, all that they need do is to apply to the court which made the decree to set it aside, or to suspend it, and let her in to defend the action upon its merits.

On the other hand it is not to be presumed that the judgment creditor will attempt to proceed with a sale under the

decree, now that the existence of Mrs. Turner is disclosed, and thereby reap the barren results of a sale which would be binding at the most upon only one of two equally necessary parties defendant, but that it will itself voluntarily open the judgment, make Mrs. Turner a party defendant, and proceed with the cause to a point where it can obtain a decree under which a perfect title can be made in case of sale.

Judgment affirmed.

DUNBAR, C. J., and ANDERS, J., concur.

HOYT, J.—(*dissenting*).— As it is conceded that no title would pass by a sale under the decree I can see no good reason why such sale should not be enjoined.