[No. 1589.  Decided January 8, 1895.]

ANNA B. HARRINGTON ET AL., *Appellants*, v. E. W. JOHN-SON ET AL., *Respondents*.

MECHANICS' LIEN UPON PARTNERSHIP LAND—FORECLOSURE—PARTIES.

In an action for the foreclosure of a mechanics' lien upon partnership real estate, the wives of the partners are not necessary parties.

such property being in equity a fund for the payment of the indebtedness of the partnership, unaffected by any contingent rights the wives may have therein after the settlement of the partnership affairs.

*Appeal from Superior Court, King County.*

*Carr & Preston*, for appellants.

*Allen & Powell, Stratton, Lewis & Gilman* and *Burleigh & Gamble*, for respondents.

The opinion of the court was delivered by

HOYT, J.—From 1880 until 1892, W. A. Harrington and Andrew Smith were partners. During that time they acquired title to certain real estate in the city of Seattle with partnership funds and for the purposes of the partnership, and erected thereon, also for the purposes of the partnership, a certain brick and stone building. The defendant, E. W. Johnson, furnished material to be used in the building, and not having been paid therefor, filed a notice of lien, and sought to secure payment by a suit to foreclose the same. In such suit the members of the partnership were made parties defendant, but their wives were not. The result was a decree of foreclosure against the defendants named and an order that the building and the land upon which it stood should be sold in satisfaction thereof. This action was brought to restrain a sale of the property upon process issued to enforce said decree. The claim of the plaintiffs and appellants is that the decree is void for the reason that the wives of the partners were not made parties to the foreclosure proceeding.

It is contended that under the rule established by this court in the case of *Littell & Smythe Manufacturing Co. v. Miller*, 3 Wash. 480 (28 Pac. 1035), the wives were necessary parties. If they had any interest in the property, which could be asserted in a court of equity against the rights of the creditors of the partnership, this contention must be sustained. Under the circumstances did they have any such interest ?

We have carefully examined the question as to the effect of the partnership relation upon the status of real estate held by one or all of its members for the use of the partnership, and have sought to ascertain to what extent, if at all, the common law rule upon this question has been changed by conditions existing in this country, or by express statutory enactment. Such examination has led us to believe that, so far as the application of such real estate to the satisfaction of partnership debts, there has been little or no change in the common law rule. In most, if not all, of the states it is the settled doctrine that the property of the partnership, including its real estate, is in equity a fund for the payment of the indebtedness of the partnership, and the adjustment of its affairs between the partners, and that the right of the partnership to use all of its property for that purpose is in no manner affected by any contingent rights which the wives of the respective partners may have in the property after the settlement of the partnership affairs. *Shanks v. Klein*, 104 U. S. 18; *Bopp v. Fox*, 63 Ill. 540; *Logan v. Greenlaw*, 25 Fed. 299; *Lenow v. Fones* (Ark.) 4 S. W. 56; *Malory v. Russell*, 71 Iowa, 63 (32 N. W. 102, 60 Am. Rep. 776); 1 Lindley, Partnership (Ewell's 2d ed.), p. 755, note.

Nothing in our statute has been called to our attention which authorizes a departure from the rule above announced. It follows that the property in question could have been applied to the payment of partnership debts by the action of the several partners without any action on the part of their wives. Hence the wives were not necessary parties to a suit in equity waged by a creditor for the purpose of subjecting such property to the payment of the partnership indebtedness. It follows that the decree in question was not void, and that the equities to be enforced thereunder were superior to those of the plaintiffs.

The judgment will be affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

STILES, J. (*concurring*).—Inasmuch as the only point made by appellants was based upon their endeavor to have

this court review and overrule *Turner v. Bellingham Bay Lumber, etc., Co.*, 9 Wash. 484 (37 Pac. 674), I think it well that something be said concerning that case, as the ground of the decision seems not to have been apprehended.

The deduction from that case suggested by appellants is that in this state no injunction can be issued to restrain a sale where the real owner of the property levied upon is not the judgment debtor, or where from the existence of facts dehors the record a purchaser would not get title to the subject matter of the sale ; nor would an action to remove a cloud and quiet title lie for the same reason. It will clear up this matter, perhaps, if it is stated·that in the *Turner case* no such question was raised or discussed at any time, and there was no thought of deciding it. The simple question there was whether, in a mechanic's lien case, where the limit of time is very short for the commencement of the action, and the issuance of an injunction would have the effect to forever defeat the lien, a court of equity ought to interfere in behalf of parties whose only rights could be fully protected in the manner pointed out. The issuance of an injunction lies in the sound discretion of a court, and does not follow as a matter of course in every case where a grievance can be stated ; and where the equities of the plaintiff are not clear and stronger than those of the defendant, or where some other available course will afford full protection to the plaintiff for all his just rights, the writ ought to be and is uniformly denied.

I concur in the principal opinion.