[No. 1950. Decided January 13, 1896.]

JAMES F. BOLSTER et al. v. C. H. STOCKS et al., Defendants, J. C. LIGHTHOUSE et al., Appellants.     (Cases Consolidated.)

MECHANICS' LIENS — SUFFICIENCY OF NOTICE — INCLUDING ITEMS NOT FURNISHED — OMISSION OF WIFE'S NAME — PROOF OF RECORD.

Objections to the introduction of evidence will not be considered on appeal, unless the proper grounds of objection were called to the attention of the trial court.

Proof of the filing within the time required by law for record in the office of the county auditor of a notice of lien is sufficient, without proof that it was actually recorded within such period.

A claim of lien setting forth, in its statement of the terms of the contract, that the claimant was to " furnish the hardware and other like material " for a certain building, is sufficiently definite in that particular.

Failure to include the name of the wife as one of the reputed owners of premises upon which a lien is claimed is not a ground of objection thereto, when it does not appear upon the face of the notice that the claimant had knowledge at that time of her interest therein.

A statement in a claim of lien of the terms of the contract as to materials furnished is too indefinite, when it alleges merely that claimants " furnished certain goods, wares and merchandise, being iron, iron work, galvanized iron, nails, paints, glass and other building material."

A claim of lien for furnishing the " lumber, sash, doors, etc., used in the construction of [building described] at the agreed and contract price of $2,449.85," is sufficiently definite as to the terms of the contract.

A claim of lien is not vitiated by the inclusion therein by mistake

of lienable items, which had not been furnished, there being no attempt to perpetrate a fraud and the true amount of the claim not being increased thereby.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge. Modified.

*S. A. Callvert, Jerry Neterer,* and *Black & Leaming,* for appellants.

*Dorr, Hadley & Hadley, Hudson & Holt, Kerr & Mc-Cord, J. J. Weisenburger, J. R. Crites, Bruce, Brown & Cleveland, Charles E. Shepard, Albert S. Cole,* and *J. W. Romaine,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This case involves the legality of several liens which were consolidated in the court below. Since the appeal was perfected, a good many of these cases have been settled by stipulation, and we will proceed to pass upon those remaining unsettled.

The first case is that of the Tacoma Foundry and Machine Company v. C. H. Stocks, J. C. Lighthouse *et al.,* which was No. 645 in the superior court. Two objections are raised by the appellant in this case; 1st, that the testimony does not disclose when the contracts were complied with or when the material was furnished; 2d, that there was an absence of proof of the date of filing and recording the notice of lien. From a review of the testimony we are satisfied that the referee was warranted in the finding of fact made as to the time when the respondent ceased to furnish the material, and that, therefore, the court was justified in sustaining the report of the referee. We think the testimony of witness Warner sufficiently establishes that fact.

The second contention seems to us to be equally

without foundation. Even if the proof of the record had not been sufficient, which we think it was, no objection was made that would call the attention of the court to the particular objection urged here. The objection urged there was:

"Objected to as incompetent. It is not a notice of lien. The notice is not in substance as required by statute. That it fails to set forth the contracts or contract entered into between Stocks & Company and J. E. Blackwell."

The technical question as to the indorsement of the officer was not called to the attention of the court, and if it had been, this being an equitable action, the court in its discretion could very properly have given the respondent an opportunity to make the proof required.

The judgment in this case will be affirmed.

In the next case, that of Whittier, Fuller & Co. et al., v. C. H. Stocks, J. C. Lighthouse et al., it is contended by the appellants that the respondent was seeking to recover for part performance of a contract alleged to have been entered into with Stocks & Co., the contractors of appellant Lighthouse. We do not think that the evidence, fairly construed, bears out appellants' contention, but that the action was brought for but one order, viz., for the glass of the building, and that the second order was not intended to be used in the erection or construction of the building, but was simply intended to be used for the bank fixtures. We think the whole testimony shows that it was a separate, distinct, and independent order, and under a separate contract. It is needless to review all the testimony in the case, but it plainly appears to us from all the circumstances, including the fact that at the time Mr. Seymour, agent of the plaintiffs, went over the building with the contractors and checked

up the amount of material that had been furnished, for the purpose of making a settlement with the contractors, no mention was made of the glass for the fixtures as belonging to that contract, although it was mentioned that such glass was at the depot; and the further fact, that in all the correspondence between Stocks & Co. and the respondents it seems to have been conceded that the second order was an independent order, and the negotiations were evidently based upon that idea. The second proposition, viz., that the court was not justified in finding that the notice of lien was filed in the office of the auditor, is equally as untenable as it was in the other case, for the appellants expressly admitted upon the trial that the notice of lien which was there offered had been filed at the time shown by the indorsement of the auditor, and we are satisfied that it is plainly shown that it was filed for record within the time required by law. As to the time of the record of the lien, that is a matter over which the respondent has no control; he has done what the law requires of him when he files the lien for record. It appears in this case that the attorney's fee was taxed twice, and also that a statutory fee was allowed in addition to the attorney's fee. This court has decided heretofore that a statutory attorney's fee could not be allowed in addition to the fee provided for in a contract, neither do we think it can be allowed in addition to the fee allowed for the foreclosure.

This case will be affirmed on condition that within twenty days after the filing of this opinion the respondent remit or consent to the reduction of the judgment to the extent of the statutory fee, and the fee which was doubly taxed of $165; otherwise it will be reversed.

The next case is that of Nolton *et al. v.* C. H. Stocks & Co. and Lighthouse *et al.*, and it is claimed by the appellant that the lien in this case falls squarely within that of *Tacoma Lumber & Manufacturing Co. v. Wolff*, 5 Wash. 264 (31 Pac. 753). In that case, the lien of which this court held to be bad, the statement was that the claimant should "furnish certain windows, doors, mouldings, glass and lumber for the inside finish of said building." We do not desire to extend the close construction placed on the lien law in the case just cited, and we think that this lien can be distinguished from that one. There, as will be seen from the quotation, there was nothing to indicate that all the windows, doors, mouldings, glass and lumber were to be furnished under the contract, but the implication, from the use of the word "certain," was rather to the contrary, for "certain windows, doors," etc., by its specific terms directly negatives the idea that all the windows, etc., were to be furnished. But not so with the case at bar, where the language of the lien is as follows:

"That said C. H. Stocks & Co. are the contractors, who as such contractors and agents of said J. C. Lighthouse, the owner, entered into a contract with said Nolton and Adams Hardware Company under and by which said Nolton & Adams Hardware Company were to furnish the hardware and other like material for the construction of said "Lighthouse Block" building, and to be paid therefor upon the furnishing of said material."

It seems to us that the language used there could very reasonably be construed to mean all the hardware to be used in the building. Ordinarily if a contractor was to make the announcement that he was to furnish the material for a building it would be understood that he was to furnish all the material, and the

expression "other like material" seems to be more superfluous than anything else, although it was probably used to strengthen the idea which was evidently intended to be expressed, that they were to furnish all of that kind of material. We think a liberal construction of this lien will permit it to stand. Nor do we think that the complaint was so ambiguous that it was difficult to understand, or that it is irreconcilable. There is nothing in the complaint that could mislead the defendants. Under its allegations they could readily determine just what issues they were expected to make and stand upon. We do not think there is anything in the further objection urged by the appellant that the lien does not give the name of the wife as one of the reputed owners of the property sought to be charged. It is alleged in the complaint that at the time of filing the said notice J. C. Lighthouse and Margaret V. Lighthouse were husband and wife, and were the owners or reputed owners of the land. The case does not fall within the principles announced in *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480 (28 Pac. 1035), or *Sagmeister v. Foss*, 4 Wash. 320 (30 Pac. 80, 744).

The judgment in this case will be affirmed.

In the case of Underwood & Minturn *v.* C. H. Stocks & Co., Lighthouse *et al.*, No. 1203, the language of the fifth clause in the lien notice is that at the request of Stocks & Co. they furnished certain goods, wares and merchandise, being iron, iron work, galvanized iron, nails, paints, glass and other building material, which were reasonably worth and of the value of $1,646.56. This statement, it seems to us, brings this case squarely within the rule announced by this court in the case of *Tacoma Lumber & Mfg. Co. v. Wolff*, 5 Wash. 264 (31

Pac. 753), nor do we think that the partially itemized statement in the seventh count in the lien notice makes the notice any more definite. The itemized statement is as follows:

```
" To C. H. Stocks & Co. direct:
    Material in bank room...............$  448 00
    Cornice, iron, nails, galvanized iron...   252 41
 To Gallup & Weber:
    Galvanized  iron  work and other ma-
        terial ..........................   609 45
 To A. C. Clausen:
    Paints, oils and other material........   250 55
 To C. H. Stocks & Co. direct:
    Plumbing and other material.........    86 14
                                         ----------
    Total...............................$1,646 56 "
```

It will be noticed that each one of these items is as indefinite as to quantity as the general notice is, and there is nothing in the first item, viz., " Material in bank room " to indicate even the kind of material.

We are also satisfied from an inspection of the record that the objection urged by the respondents that there were no proper exceptions to the findings of fact and conclusions of law in this case is untenable.

The judgment in this case will therefore be reversed with instructions to the lower court to deny the respondent's petition to adjudge the material furnished a lien upon the building and land of the appellants.

If we have not misunderstood the stipulations in these cases, this comprises all the liens that were before the court for review.

The judgment in the first three will be affirmed as indicated, and the last one, viz., Underwood & Minturn *et al.* *v.* J. C. Lighthouse *et al.*, will be reversed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.

SUPPLEMENTARY OPINION, FILED JANUARY 28, 1896.

DUNBAR, J.—This is the case of the Fairhaven Land Company, plaintiff and respondent, *v.* C. H. Stocks & Co. *et al.*, defendants; Lighthouse *et al.*, appellants, No. 652 in the lower court, which was one of the consolidated cases under the title of *James F. Bolster et al. v. C. H. Stocks & Co. et al.*, in which cases an opinion was filed in this court on January 13, 1896. It has been called to the attention of the court that this case was not disposed of in said opinion. The case was considered and decided by the court at the time a decision was arrived at in the other cases, but through the inadvertence of the writer of that opinion — who is the writer of this — the opinion omitted this case.

It is contended by the appellants that the complaint did not state a cause of action, and that the lien notice was not sufficient. The language of the lien notice complained of is " that C. H. Stocks & Co. are the contractors who, on or about July 1, 1890, as such contractors, made and entered into a contract and agreement by which said Fairhaven Land Company was to furnish the lumber, sash, doors, etc., used in the construction of said Lighthouse Block, at the agreed and contract price of $2,449.85." We think what we said in the case of Nolton *et al. v.* C. H. Stocks & Co., and Lighthouse *et al.*, applies directly to this case, and for the reasons assigned in that case we hold the lien under consideration here to be good.

And we think also that the complaint plainly and concisely complies with the provisions of the statute in relation to the foreclosure of liens, and that the pleader has brought himself within its terms. It is no objection to the complaint that it fails to allege that the materials were such as are lienable articles, or of a kind or character to be used in the construction

of the building in controversy. If it did so allege, it would only be an allegation of a conclusion of law. When it states the facts and alleges the kind of materials furnished, the law will determine whether or not the materials so furnished were lienable articles. The term "lumber" is certainly specific enough to furnish the owner with definite information as to the subject matter of the lien sought to be foreclosed, and we held in the companion cases to this one that the term "other material" had reference to material of the same kind. The lien notice here, which is made a part of the complaint, alleges that this lumber was furnished to be used in the building, and that it was so used.

So far as the amendments to the complaint are concerned it does not appear from the record that any objection was made thereto, and even if there had been it was a matter that was so largely within the discretion of the court that we should not feel like disturbing it, unless an injury had been done to the appellants, and there is nothing here to indicate that the appellants were in any way misled, or that their rights were in any way jeopardized by these amendments.

We think that the testimony fully sustained the findings of the referee, and while it appears that no sash or doors were furnished for use in this building, or at least that there is no evidence that they were furnished, it does appear that lumber was furnished to the amount of the lien claimed; that the items of sash and doors in the lien were a mistake which was abandoned upon the trial, and such fact will not be allowed to destroy the lienor's claim for the amount of material that was actually furnished, when it does not appear that there was any attempt to deceive, and when it does plainly appear that the amount of the

claim was not increased by the statement and that the items were lienable articles. This court held in *Whittier, Fuller & Co. v. Stetson & Post Mill Co.*, 6 Wash. 190 (33 Pac. 393), that the lien is not vitiated where a mere mistake or inadvertency caused items otherwise lienable to be included in the lien. It is evident from the testimony in this case that the claim would have been the same and the result the same with the statement in regard to the sash and doors omitted.

It is contended by the appellants that there is no proof as to the character of lumber furnished, or the value of rough or dressed lumber furnished by respondent; that the books of account were not introduced, nor a copy of the account produced, so that there is absolutely no proof under which a judgment for any amount can be predicated. It seems to us that the question of the amount due on the account from Stocks & Co. to plaintiff in this case is settled beyond peradventure by a stipulation which is found on page 300 of the statement of facts. The stipulation is as follows:

" It is stipulated and agreed by and between counsel that the several books of entry offered by the plaintiff, the Fairhaven Land Company, in this case in evidence, contain a correct account of the plaintiff's, the Fairhaven Land Company's, account with C. H. Stocks & Co. for the lumber and material, and that the book shows the amount still due on that account to be $449.85."

It is true that the lien notice does not give the name of the wife as one of the owners or reputed owners of the property sought to be charged; but this does not bring the case within the law announced in *Littell & Smythe Mfg. Co. v. Miller*, 3 Wash. 480 (28 Pac. 1035); nor *Sagmeister v. Foss*, 4 Wash. 320 (30 Pac. 80, 744). All that was held in the first case mentioned was that

in all suits to foreclose liens upon community real estate the wife was a necessary party defendant; and in the last, that a claim of lien against a husband and his interest in certain realty, which shows on its face that the claimant has knowledge that the wife has a community interest in the real estate is defective. This lien claim does not show on its face that the wife had an interest in the property sought to be charged, but the wife was actually brought in by the pleadings and made a party to the action, her rights were adjudicated and she has no cause of complaint.

There may have been in this case some slight discrepancy between the allegations of the complaint and the proof on immaterial questions, but it seems evident from the whole case that the material was furnished, and that the lien was filed within the time and in the manner prescribed by law. The amount due is conclusively proven, and the judgment should therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.

### ON PETITION FOR RE-HEARING.

*Per Curiam:*—A claim was made in the brief of appellants, in the case of Whittier, Fuller & Co. *v.* Lighthouse *et ux.*, one of the above consolidated cases, that the attorney's fee of $165 had been twice taxed, and that the statutory fee of $10 had also been included in the judgment for costs. This statement was admitted in the brief of the respondent, and an offer of remittance of $175 was made in the brief. It appears now, however, by the petition, that this double taxation was remedied when the consolidated decree was entered in response to the judgment of this court, when the cause was here before, but that the briefs on the present ap-

peal, which were the same briefs used on the first appeal, had not been corrected in this respect. Hence the court was misled in this particular. It also appears now, by a showing made by appellants, which was not called to the attention of the court upon the trial, that when the consolidated decree was entered a mistake of $30 was made in the computation, against the interests of the appellants, and as the respondent concedes the correctness of this statement, we think it but justice, this being an equity case, that this mistake should be rectified, although informally presented.

The opinion of the court heretofore filed will be corrected to the extent that the judgment of the lower court will be modified by deducting from the judgment obtained by the respondent the sum of $30, and as so modified it will be affirmed, the respondent to recover its costs in this court and the court below.