[No. 4026.   Decided December 26, 1901.]

M. O. PETERSON, *Respondent*, v. ABRAHAM DILLON *et ux.*,
                        *Appellants.*

COURT COMMISSIONERS — POWER TO ENTER DEFAULT JUDGMENT.

Under art. 4, § 23, of the constitution authorizing the appoint-
ment of court commissioners who shall perform like duties as
a judge of the superior court at chambers, subject to revision by
the judge, and shall perform such other business connected with
the administration of justice as may be prescribed by law, and
under Bal. Code, § 4729, passed in pursuance thereof, which au-
thorizes such court commissioners to grant defaults and enter
judgment thereon, a court commissioner has power to try causes
in which a jury is not required, and to enter judgment, which
stands as the final judgment of the court, when no proceedings
are instituted for its review by the court below, since the term
"at chambers" must be construed in the light of the practice
prevailing at the date of the adoption of the constitution, and
under the law then in force (Code 1881, § 2138), judges could
at chambers try, hear, and determine all actions, causes, motions,
demurrers, and other matters not requiring a trial by jury.

CONSOLIDATION OF CAUSES — JURISDICTION AS TO PARTIES — JUDG-
    MENT.

Under the power inherent in a court of equity to consolidate
causes of action involving the same subject-matter, an action
seeking to charge a certain lot with a mechanic's lien and another
action seeking to prevent the lien from attaching to such lot
were properly consolidated, and gave the court jurisdiction of
all parties who had appeared or been served in either action,
so that judgment rendered in the consolidated action would be
binding on all parties thereto, even though not parties to one
of the original actions.

MECHANICS' LIENS — FORECLOSURE — LIMITATIONS — PLEADING.

Under Bal. Code, § 5908, limiting the duration of a mechanic's
lien to eight calendar months after the filing of the claim, unless
an action be commenced within that time to enforce it, one seek-

ing to foreclose a mechanic's lien must affirmatively show that
the property is subject to the lien at the time his action is brought,
and the objection that the action was not brought in time may
be first urged on appeal, though not raised on the trial below.

SAME — PARTIES — VOID FORECLOSURE.

Where an action to foreclose a mechanic's lien on community
property was brought against the husband alone, and the wife
was not made a party until after the expiration of the statutory
life of the lien, a judgment against the community for the debt
and for the foreclosure of the lien is valid only as a personal judg-
ment, and is void in so far as it attempts to foreclose the lien.

Appeal from Superior Court, Adams County.—Hon.
CHARLES H. NEAL, Judge. Modified.

O. R. Holcomb and C. H. Spaulding, for appellants.

W. W. Zent, for respondent.

The opinion of the court was delivered by

WHITE, J.—We do not think the motion to dismiss the
appeal is well founded, and it is denied.

The facts in this case are as follows: On November 2,
1899, an action was commenced in the superior court of
Adams county by the respondent against Abraham Dillon
and C. Arthur to foreclose a lien for work done by the re-
spondent as a carpenter at the request of Arthur, as con-
tractor, on a frame building on a certain lot in Ritzville.
The complaint contained the usual averments, and alleged
that said Abraham Dillon was the owner and reputed
owner of said lot. The work was alleged to have been done
between the 6th of April and the 22d of May, 1899. Abra-
ham Dillon answered, but did not deny the allegation that
he was the owner and reputed owner of said lot. Such
proceedings were taken in this action that a trial was had
on the 9th day of April, 1900, and the court rendered a
judgment in favor of the respondent against Abraham

Dillon for $88.55 and costs and attorney's fees, and also decreed a sale of said lot to satisfy the same. Execution was issued on this judgment on the 3d day of May, 1900. On the 9th day of June, 1900, the lot was sold to the respondent on said judgment. On the 31st of May, 1900, before such sale, Abraham Dillon filed a motion, supported by affidavit, to set aside the judgment and decree of foreclosure and order of sale because of defect of parties, in that Susan Dillon, the wife of the said Abraham Dillon, was the owner of a community interest in said property, and she had not been made a party. On June 9, 1900, said Susan Dillon and Abraham Dillon commenced an action against said respondent and the sheriff of said county to restrain any sale under said execution. It was alleged in the complaint that the lot was the community property of Abraham Dillon and Susan Dillon, and that the sale by the sheriff would cast a cloud upon the title, etc. A temporary restraining order was also prayed for. The temporary restraining order, restraining the sheriff from selling the lot, was granted on the 9th of June, 1900. On the 15th of September, 1900, on the hearing of a motion to dissolve such restraining order and a demurrer to the complaint in that action brought by Abraham Dillon and Susan Dillon, the court made an order that said last action be consolidated with the action of the respondent against Abraham Dillon and C. Arthur, and vacated and set aside the decree of foreclosure and order of sale and sale thereunder made in said last-named action, as the court recites in the order vacating said judgment, "for the purpose of permitting the plaintiff herein, Susan Dillon, to appear and set up any defense to said action, and for that purpose she is hereby given twenty days from date hereof to appear and plead." No further pleadings were filed by Susan Dillon. On October 10,

1900, a motion was made for default against Susan Dillon, Abraham Dillon, and C. Arthur, for the reason that said defendants have not answered or appeared herein within twenty days from September 15, 1900. The service of this motion was made on October 6, 1900, on the attorney for said Susan Dillon, Abraham Dillon, and C. Arthur. The motion was granted by the court commissioner of Adams county. The parties served did not appear to resist the same. On the 23d of October, 1900, a trial was had before said court commissioner on application for entry of judgment on said default. The court commissioner found the facts to be that the work was performed by the respondent on the house on the lot mentioned in the complaint in the first action, for the time mentioned, on a contract made with C. Arthur, the contractor; that Arthur was the agent of Abraham Dillon and Susan Dillon, and that the lot was the community property of Abraham Dillon and Susan Dillon, etc.; and established the lien of the respondent on said lot. On the findings and conclusions filed by the court commissioner judgment was given and entered by the court commissioner for $88.55 and costs and attorney's fee, and a sale of the lot was decreed to satisfy the same. On this judgment execution and order of sale were issued, and on the 15th of December, 1900, the said lot was sold by the sheriff under the same to the respondent. On the 11th of December, 1900, a motion was made by Susan Dillon, appearing specially, to set aside the findings of fact, conclusions of law, and judgment and decree entered on October 23, 1900, for the following reasons:

"(1) That the said C. Staser, court commissioner, had and has no jurisdiction over the person or property of the said Susan Dillon. (2) That the said superior court had and has no jurisdiction over the person or property of the

said Susan Dillon or the subject-matter in this action as against the said Susan Dillon. (3) That the findings of fact and conclusions of law in said action, in so far as the said Susan Dillon is concerned, had and have no basis or foundation in or by any pleading or proof on the part of the plaintiff in said action, and are irrelevant and immaterial to the said judgment and decree and to the said Susan Dillon. (4) That said pretended judgment and decree as against the said Susan Dillon is absolutely and wholly void."

On the 5th of January, 1901, a motion was filed by Susan Dillon for the default of the defendants for want of an answer to her complaint in the action brought by her. On the 8th day of February, 1901, the court confirmed the last sale made by the sheriff on the judgment in the consolidated cause, and denied the motion to vacate and set aside such judgment except in so far as said judgment gives or attempts to give the respondent a personal judgment against Susan Dillon, and also denied the motion of said Susan Dillon for default against the defendants in the action brought by her for want of an answer. From that order this appeal is taken.

The order refusing to vacate and set aside the judgment is a final order, made after judgment, which affects a substantial right, and from it an appeal lies to this court. It presents for our consideration but one question: Was the judgment on which the sale of the lot was finally made void? No question is made affecting the regularity of the sale, other than that it was made, as claimed by appellants, on a void judgment. The appellants contend that the court commissioner had no jurisdiction to render any judgment against Susan Dillon, and had no jurisdiction to render any judgment except one subject to revision by the court, and that the judgment entered on the 23d day of October,

1900, was not a final judgment. Section 23, art. 4, of the constitution, is as follows:

"There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge, to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law."

Under this provision of the constitution the legislature has enacted:

"Every court commissioner shall have power—(1) To hear and determine all probate matters and to issue all proper orders therein. To grant defaults, and after ten days from the entry of a default by the clerk of the court, to enter judgment thereon. To issue temporary restraining orders and to perform like duties as a judge of the superior court at chambers, subject to revision by the judge of the superior court of the county." § 4729, Bal. Code.

Section 6, art. 4, of the constitution, declares that the superior courts shall always be open, except on nonjudicial days. Under our present system, when an act of a judicial nature is performed by the judge, it is, in contemplation of law, done in open court, although the act may in reality be done in the private room or office of the judge. When the framers of the constitution used the term "at chambers" in speaking of the duties performed by the judges at chambers, they had in view a certain object, and, in order to ascertain what this was, we must have recourse to the meaning of the term "at chambers" as it was understood at the time this particular provision of the constitution was framed. The courts established by the constitution were to supersede the territorial courts. The men who framed the constitution were familiar with the powers

then exercised by the judges at chambers, and in using that term it is fair to infer that they had reference to such powers. *Winsor v. Bridges,* 24 Wash. 540 (64 Pac. 780). Under the law as it then existed, judges of territorial courts could at chambers entertain, try, hear, and determine all actions, causes, motions, demurrers, and other matters not requiring a trial by jury. § 2138, Code 1881. However, even if this construction is not correct, we think the legislature, under the provisions of § 23, art. 4, *supra,* had the power to provide by law for the entry of defaults and judgments thereon by court commissioner, subject to revision by the superior court, as the same is connected with the administration of justice. It is true that a judgment entered by the court commissioner is subject to revision by the judge of the superior court. If no steps are taken by the party who conceives himself aggrieved by the judgment to have the same reviewed by the judge of the superior court, the judgment will, of course, stand as the judgment of the court. In the case under consideration no proceedings were instituted in the court below by the appellants to review the judgment entered by the court commissioner, and they cannot now complain of the result of their own neglect.

But it is urged that there were no issues in the court below upon which the court commissioner could try the action. The code system of pleadings aims to prevent a multiplicity of suits, as well as to bring before the court, in any action pending therein, all parties who have an interest in the subject-matter of the action, so that all matters may be finally determined and settled in one single action. The subject-matter of the respondent's action and of the action by Abraham Dillon and Susan Dillon is the same. The respondent seeks to charge a certain lot with a mechanic's lien. The appellants seek to prevent the charge

from attaching to such lot. There is no statute in this state relating generally to the consolidation of actions. There are special provisions for certain kinds of actions. The power to consolidate causes is one of the inherent powers of a court. A court should always be possessed of the power to make orders which will expedite its business and prevent costs and a multiplicity of suits when one action will answer all the purposes of justice. *Oldfather v. Zent*, 11 Ind. App. 430 (39 N. E. 221). A court of equity has an inherent discretionary power apart from statute to consolidate suits pending before it on its own motion in order to avoid a multiplicity of suits and trials when such consolidation cannot injure any party. *Biron v. Edwards*, 77 Wis. 477 (46 N. W. 813). The consolidation is within the discretion of the court, even if the parties are not the same in each action, and the court's order will not be interfered with by the appellate court if the suits involve the same subject-matter. *Woodburn v. Woodburn*, 23 Ill. App. 289. When these two actions were consolidated, from thenceforth they constituted but a single action, and but one trial could be had, and but one judgment entered. *Castro v. Whitlock*, 15 Tex. 437. The court had jurisdiction over all the parties in the two actions appearing in the respective actions or served with process therein. The court then had jurisdiction in the consolidated action over Susan Dillon. The order of the court made on consolidating the actions that Susan Dillon was permitted to appear in the first action brought by respondent in effect gave to her twenty days to plead any and all defenses she might have to the action, if she elected so to do. She did not elect to plead further. The issues in the action then stood made up on her complaint in the injunction proceedings, not denied by

the respondent, and on the complaint and answer in the original action. The only fact pleaded in the injunction suit, outside of the recovery of the judgment, was that the lot was the community property of Abraham Dillon and Susan Dillon. It was not alleged that the work for which the lien was claimed had not been done. On these issues the court commissioner was justified in finding that the work had been done on the building on the lot, the value of the work, and that it had been done at the request of Arthur, the contractor, and consequently at the request of Abraham Dillon and Susan Dillon, for the law makes the contractor their agent. § 5900, Bal. Code.

But it is further claimed that the time limited for enforcing the lien, so far as Susan Dillon is concerned, had expired when the actions were consolidated, and, as that was the time she was brought into the action, that judgment of foreclosure against the lot could not then be entered. The mechanic's lien law provides:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed, unless an action be commenced in the proper court within that time to enforce such lien," etc.  § 5908, Id.

The action, as to Susan Dillon, was not commenced within the time limited. This objection is made by Susan Dillon for the first time in this court. She did not urge it in any way in the court below. In ordinary actions growing out of contract or tort, if one desires the benefit of the statute of limitations, he must urge it in some way, either by demurrer or answer, in the trial court, before we will review it here. §§ 4907, 4908, 4911, Id.; *Spaur v. McBee,* 19 Ore. 76 (23 Pac. 818); *Roche v. Spokane County,* 22 Wash. 121 (60 Pac. 59). The

reason for this rule is that, as the cause of action depends upon a liability growing out of the acts of the parties sued, such party may waive the statutory time in which such actions are brought, if he sees fit so to do, as the cause of action does not depend upon the statute. The mechanic's lien is altogether a creation of the statute, and is circumscribed by the terms of its own creation. It exists independent of any special contract. Where a contract is entered into by the parties, it is not the contract which creates the lien under the statute, but it is the use of the material furnished upon the premises, the putting of it into the building and attaching it to the freehold, which entitled the party furnishing the same to a lien upon the premises to the extent of its value. The statute does not give the mechanic a right to his debt, but furnishes a remedy for its collection. 15 Am. & Eng. Enc. Law, p. 5. If Susan Dillon had pleaded that action was not brought within eight months after the notice was filed, her plea must have been sustained. *Seibs v. Engelhardt,* 78 Ala. 508; *Union National, etc., Loan Ass'n v. Helberg,* 152 Ind. 139 (51 N. E. 916). But we think one seeking the benefit of the lien as its creation and duration are fixed by law must affirmatively show that at the time his action is brought the property sought to be charged is subject to the lien, and that the court has jurisdiction of the subject-matter, and, if this does not appear, no cause of action to foreclose the lien exists. This must be so, for in an ordinary action the cause of action exists independent of any statute, and it is personal in its nature. Hence the rights given to interpose the plea of the statute of limitations may be waived by the person affected by such action. But the lien given on a specific piece of property for work

done thereon, and the right to foreclose the same does not exist independent of the statute. The statute creates and limits the duration of the lien. When the limit fixed by the statute for the duration of the lien is passed, no lien exists, any more than if it had never been created. The statute gives jurisdiction to the court to foreclose a lien on certain conditions,—the filing of a lien notice, and the commencement of the action within eight months after such notice is filed. If these things are not done, no jurisdiction exists in the court to foreclose the lien. In ordinary actions the jurisdiction exists to entertain same, and render judgment thereon, and in case of default the court can pronounce such judgment as the facts warrant, as the court's jurisdiction does not depend upon the time in which the action is brought. In suits to foreclose mechanics' liens the jurisdiction does depend upon the time in which the action is brought. Hence no plea of the statute was necessary. It is intimated, although not decided, in *Pacific Mfg. Co. v. Brown,* 8 Wash. 347 (36 Pac. 273), that an action to foreclose a mechanic's lien should be dismissed if not commenced within the time limited by statute. *Stern v. La Compagnie Generale Transatlantique,* 110 Fed. 996. See, also, *Green v. Sanford,* 34 Neb. 363 (51 N. W. 967). This action was originally brought against the husband alone to charge the property with the lien. In that suit a valid judgment of foreclosure could not be entered subjecting the community property to sale. The wife was a necessary party. *Littell & Smythe Mfg. Co. v. Miller,* 3 Wash. 480 (28 Pac. 1035); *Sagmeister v. Foss,* 4 Wash. 320 (30 Pac. 80, 744). The wife was not made a party to the proceedings to foreclose the lien in the case under consideration until September 15, 1900, when the two actions were consoli-

dated. The lien notice was filed on the 19th day of August, 1899, more than a year before the wife was brought in. The property at that time, by operation of law, had ceased to be bound by the lien, because no action sufficient to bind the property had been commenced within eight months after the filing of the lien to enforce the same. The judgment of the court below, so far as it attempts to foreclose the lien on the lot in question, was void. It was valid as a personal judgment against the community.

The judgment of the court below is therefore modified, and it is established as a personal judgment against the community. So far as it decrees a foreclosure and sale of the lot, it is invalid, and the same is set aside. It follows that the sale of the lot under the decree of foreclosure is also invalid. The court below will enter an order modifying the judgment as herein indicated; the appellants to recover their costs on appeal.

REAVIS, C. J., and ANDERS, FULLERTON, HADLEY, and MOUNT, JJ., concur.

DUNBAR, J., dissents.