[No. 6377. Decided December 8, 1906.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILIP, AN INDIAN, *Appellant*.[1]

COURT COMMISSIONERS—POWERS—COURTS—JUDGE AT CHAMBERS—CRIMINAL LAW—TRIAL. A court commissioner has no power to take the arraignment of a prisoner, accept a plea of guilty, and render judgment, under Const., art. 4, § 23, conferring upon them the power of a judge at chambers; since a judge at chambers, under Laws 1891, p. 91, does not have the power of a court, and Bal. Code, §§ 6884, 6901, and 6975, require arraignment, plea of guilty, and sentence, to be in open court.

Appeal from a judgment of the superior court for Okanogan county, Honorable Frank H. Foster, court commissioner, entered July 16, 1906, upon a plea of guilty to an information charging the crime of horse stealing. Reversed.

*Perry D. Smith*, for appellant, cited: *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397; Chitty, General Practice, 19; *Pittsburg etc. R. Co. v. Hurd*, 17 Ohio St. 144; *Church of Holy Trinity v. United States*, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; *United States v. Trans-Missouri Freight Ass'n*, 58 Fed. 58; *Perkins v. Smith*, 116 N. Y. 441, 23 N. E. 21; *Gere v. Weed*, 3 Minn. 352.

[1]Reported in 87 Pac. 955.

RUDKIN, J.—The defendant in this action was arraigned before a court commissioner, appointed by the judge of the superior court for Okanogan county, on a charge of horse stealing. He entered a plea of guilty to the information filed against him, and was thereupon sentenced to imprisonment in the penitentiary at hard labor for the term of one year. From this judgment and sentence the present appeal is prosecuted.

The only question discussed in the briefs is this: Under the constitution and laws of this state, has a court commissioner power to take the arraignment of a prisoner charged with a felony, accept a plea of guilty, and render judgment thereon? The constitutional provision relating to court commissioners is as follows:

"There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge, to take depositions, and to perform such other business connected with the administration of justice as may be prescribed by law." Constitution, article 4, § 23.

An act was approved March 19, 1895, providing for the appointment of court commissioners, and defining their powers and duties (Laws of 1895, page 164) ; but inasmuch as that act does not attempt to confer upon court commissioners any such powers as were exercised in this case, its provisions need not be further considered.

Under our present system of courts there seems to be a confusion of ideas as to the powers or functions of superior judges at chambers. In *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397, the court used the following language:

"Under our present system, when an act of a judicial nature is performed by a judge, it is, in contemplation of law, done in open court, although the act may in reality be done in the private room or office of the judge."

If the above is a correct statement of law, and our constitution means what it says when it declares that court commissioners have authority to perform like duties as a judge of the superior court at chambers, it is scarcely necessary to add that court commissioners are entirely eliminated from our judicial system. Realizing this, the court intimated, rather than decided, in the above case, that court commissioners have like powers as were exercised by territorial district judges at chambers at the time of the adoption of the state constitution. This is certainly a strained construction of very plain language, and we cannot believe that the framers of the constitution intended to define the powers of important judicial officers by reference to the legislation of a government which was about to pass out of existence forever. There may be little necessity for conferring any considerable power on a judge at chambers, when the court over which he presides is always open, yet the fact that a court is always open is not necessarily incompatible with the exercise of certain judicial functions by the judge of that court at chambers; at least the framers of the constitution did not so consider it. Nor has the legislature. Section 5 of the act of February 26, 1891, defines the powers of superior judges at chambers as follows:

"A judge may exercise out of court all the powers expressly conferred upon a judge as contradistinguished from a court and not otherwise." Laws of 1891, page 91.

Here is a legislative recognition and definition of the powers of superior judges at chambers, and we see no reason why it is not controlling. In the case before us it matters little whether the powers of court commissioners are regulated by § 2138 of the Code of 1881, defining the powers of territorial district judges at chambers, or by the act of 1891, *supra*, defining the powers of superior judges at chambers, or by the act of 1895, *supra*, providing for the appointment of court commissioners and defining their powers and duties.

Under Bal. Code, § 6884 (P. C. § 2142), a defendant must be arraigned before the court. Under § 6901 (P. C. § 2154), "The plea of guilty can only be put in by the defendant himself in open court." Under § 6975 (P. C. § 2211), the court must render judgment where the defendant is found guilty. In the face of these mandatory provisions of the statute, judges at chambers and court commissioners are alike powerless.

The judgment below is therefore reversed, and the cause is remanded for further proceedings.

MOUNT, C. J., ROOT, HADLEY, DUNBAR, and CROW, JJ., concur.

FULLERTON, J., concurs in the result.