[No. 7126. Decided April 22, 1908.]

## A. D. HOWARD, *Respondent*, v. J. B. HANSON, *Appellant*.[1]

REFERENCE—ORDER—COURT COMMISSIONERS—EXECUTION—SUPPLEMENTAL PROCEEDINGS—APPEAL—REVIEW—PRESUMPTIONS. An order in supplemental proceedings "to appear before S., court commissioner" for examination, will be considered as an order of reference to a court commissioner, especially where the court of original jurisdiction construed the same to have that effect; since the journal entry is only evidence of the court's action, and on appeal will be given the same interpretation as given by the lower court.

COURT COMMISSIONERS — APPOINTMENT — CONSTITUTIONAL LAW. Constitution, art. 4, § 23, providing that the superior judge may appoint one or more court commissioners with certain powers cannot be limited by an act of the legislature to superior courts in counties having a resident judge, but applies to superior courts in all counties.

SAME — POWERS — REFERENCE — EXECUTION — SUPPLEMENTAL PROCEEDINGS. Court commissioners are authorized to take evidence under an order of reference in supplemental proceedings and report thereon to the court, by virtue of Const. art. 4, § 23, conferring upon court commissioners the power to perform "such other business in the administration of justice as may be prescribed by law," and Bal. Code, § 4729, authorizing court commissioners to take testimony and proofs in all cases and report thereon, administer oaths and compel the attendance of witnesses.

EXECUTION—SUPPLEMENTARY PROCEEDINGS—JUDGMENT FOR COSTS— FORM. A judgment in supplemental proceedings requiring the judgment debtor to deliver certain personal property to the sheriff cannot require the payment of costs into court; but under Bal. Code, § 5327, a fixed sum may be allowed as costs, to be paid out of any money which may come to the hands of the sheriff or receiver within a specified time.

[1]Reported in 95 Pac. 265.

Appeal from a judgment of the superior court for Sno-homish county, Black, J., entered August 10, 1907, in favor of the plaintiff, upon the report of a court commissioner, in proceedings supplemental to execution. Reversed.

*Merrick & Mills*, for appellant.

*Wm. Sheller* (*Cooley & Horan*, of counsel), for respondent.

FULLERTON, J.—In 1905, the respondent recovered a judgment in the superior court of Snohomish county against the appellant for the sum of $625.20. On January 16, 1907, he caused an execution to issue on the judgment, which was placed in the hands of the sheriff of Snohomish county for service. That officer was unable to find any property belong-ing to the appellant subject to execution, and returned the writ unsatisfied. The respondent thereupon instituted this proceeding under the statute relating to proceedings supple-mental to execution, filing his affidavit to the effect that the appellant had property in Snohomish county which he un-justly refused to apply towards the satisfaction of the judg-ment. After the filing of the affidavit, the court made an order requiring the appellant to "appear at the court room of the Honorable John Sandige, court commissioner, on the 30th day of January, A. D. 1907, at the hour of 10 o'clock a. m. and that he then and there answer, before the said court commissioner, sitting as a representative of this court, concerning" any property he may have subject to execution for the satisfaction of the judgment mentioned. The ap-pellant appeared personally and with counsel at the hearing, whereupon he was examined with other witnesses touching his property. At the close of the evidence the appellant objected to any further proceedings before the commissioner, on the following grounds:

"(1)  That if said order of January 17, 1907, is an order of reference to John Sandige, as referee, it appears that the said John Sandige has never qualified by taking the referee's

oath as prescribed by law and that the parties have not expressly or at all waived the taking of such oath.

"(2)    That if such order of January 17, 1907, is made to John Sandige, as court commissioner, the defendant objects to any further proceedings on the ground that in Snohomish county there is no court commissioner, there being resident in Snohomish county a judge of the superior court."

These objections were overruled by the commissioner, and a return made to the court to the effect that the appellant was the owner and in possession of fourteen shares of the capital stock of the Everett House Furnishing Company, a corporation, which he failed and refused to give up to execution; further reporting that he construed the order of the court referring the proceedings to him to be an order of reference to him as court commissioner, and not as a referee, and that he had acted accordingly.    On the report of the commissioner the court entered the following judgment and order:

".    .    .    .    and the court having heard each of the parties in respect to said motion and having considered the return of the court commissioner, and his findings of fact and conclusions of law in the supplementary proceedings herein, together with the testimony taken upon the hearing in said supplementary proceedings, now being fully advised in the premises, it is now hereby ordered that the above named J. B. Hanson be and he is hereby directed and required within ninety days from and after the service upon him of this order to deliver up and surrender to the sheriff of Snohomish county, Washington, the certain certificate or certificates representing those certain fourteen (14) shares of stock owned and held by him in the Everett House Furnishing Company, a corporation, of Everett, Washington, the same, when so delivered by the said J. B. Hanson to said sheriff, to be by said sheriff disposed of in the manner provided by law.

"It is hereby further ordered that the above named plaintiff and judgment creditor, A. D. Howard, be and he is hereby allowed, as costs of said supplementary proceedings, the sum of $25.00 and for disbursements incurred by him upon such hearing, the additional sum of $47.35 incurred as stenographer's fees and $2.20 incurred as sheriff's fees, and

the said defendant, J. B. Hanson, is hereby directed and required to pay to the sheriff by said J. B. Hanson to be by said sheriff paid over to the above named plaintiff or his attorneys in satisfaction of said costs and disbursements herein allowed."

It is the appellant's first contention that there was no sufficient order of reference; that it is impossible to tell from the order made whether the reference was to a court commissioner or to a referee, and this being true it is void for indefiniteness. But clearly the order was an order of reference to a court commissioner. Not only is the person named called such in the order, but he is afterwards referred to as "said court commissioner." If, however, the order as entered were indefinite in this respect, it would not render the proceedings void. The journal entry of an interlocutory order is at most only evidence of the action of the court, and when it is of doubtful meaning the appellate court will give to it that interpretation which the court of original jurisdiction gives to it. Here the court of original jurisdiction treated the order as an order of reference to a court commissioner when objection was made to its form, and that being true, this court will give it the same interpretation, especially as the appellant was not misled by it.

It is next objected that the court of Snohomish county is without power to appoint a court commissioner. This contention is based on the fact that Snohomish county has a resident judge, and the further fact that the legislature has apparently sought to limit the power of the court to appoint a court commissioner to those counties in which there is no resident judge. But the power to appoint a commissioner is vested in the court by the constitution. Article 4, § 23 of that instrument reads as follows:

"There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge,

to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law."

This grant of power is supreme in the courts and the legislature is without power to take it away. It does not limit the right of the court to appoint a court commissioner to those counties in which there is no resident judge, and in so far as the legislature has attempted to so limit it, its act is invalid for want of power.

It is further contended in this connection that if it be held that the court had power to appoint a commissioner the commissioner is without power to hear a proceeding of this kind, since it is not included in the grant of powers conferred on court commissioners by the constitution. The powers there conferred, it will be observed, are (1) power to perform like duties as a judge of the superior court at chambers, (2) power to take depositions, and (3) power to perform such other business connected with the administration of justice as may be prescribed by law. What was intended by the constitution makers to be included in the first of these grants of power is not clear, as they had in a prior section of the constitution provided that the superior courts should always be open for the transaction of business, and thus eliminated the distinction that formerly existed between the powers of a judge during term time and his powers after the adjournment of the term, doing away with the sittings of the court at chambers altogether. Nor has this court been more happy in its attempt to elucidate its meaning. In *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397, it was intimated that the court commissioners have the powers that were formerly exercised by the territorial judges at chambers, while in *State v. Philip*, 44 Wash. 615, 87 Pac. 955, it was said that this was a strained construction of very plain language. Indeed, the latter case went further and intimated that, by the logic of some of our previous decisions, court commissioners had been eliminated entirely from our judicial system. But this, too,

was evidently an inadvertence. There can be no doubt that court commissioners have the powers conferred by the second and third of the enumerated grants, even if the first be eliminated because of its indefiniteness. They can still take depositions, and perform such other business connected with the administration of justice as may be prescribed by law. Some question is here made as to the meaning of this latter clause, but we have no doubt it was intended to leave the legislature free to confer upon court commissioners such additional powers as the due administration of justice may from time to time require. Had the constitution provided for the appointment of court commissioners and enumerated their powers without going .further, there would have been some question as to the authority of the legislature to add to these powers, and it was to remove this doubt that the clause was inserted. The legislature, therefore, has authority to give to court commissioners powers in addition to those specifically enumerated in the constitution, subject to the restriction that such powers shall be connected with the administration of justice. Acting under its authority the legislature has provided that every court commissioner shall have power:

"(2) To take testimony and proofs in all cases where the same is required by law, and in all matters in which information is required by the court, and report in writing his findings of fact and conclusions of law thereon to the judge of the superior court of the county;

"(3) To grant adjournments, administer oaths, preserve order, compel the·attendance of witnesses, and to punish them for nonattendance or refusal to be sworn or to testify in the hearing of any matter before him as fully as the court or judge." Bal. Code; § 4729 (P. C. §§ 4389, 4390).

These powers are ample to authorize the doing of everything that was done by the commissioner in the case at bar, even if the power so to do is not found in those especially enumerated in the constitution, and we therefore hold that he acted within the scope of his authority in the proceedings before us.

It is next objected that the evidence was insufficient to justify the findings of fact made by the commissioner and approved by the court. But without entering into an analysis of the evidence, we think it amply sufficient in that respect.

The last objection goes to the judgment, the contention being that it does not conform to the statute. This objection we think is well taken. The statute under which it was entered reads as follows:

"The judge may make an order allowing to the judgment creditor a fixed sum as costs, consisting of his witness fees and referee's fees and other disbursements, and of a sum in addition thereto not exceeding twenty-five dollars, and directing the payment thereof out of any money which has come or may come to the hands of the receiver or of the sheriff within a time specified in the order." Bal. Code, § 5327 (P. C. § 912).

This statute, it will be observed, empowers the court to allow a fixed sum as costs, which it may direct to be paid out of any money which has come or may come into the hands of the sheriff within a time specified in the order. The judgment as entered required the appellant to pay this sum into court. This was error. A formal judgment should be entered against the person liable for the costs, followed by a direction that the sheriff pay the judgment out of such money as has come or may come into his hands. The defendant cannot be directed to make the payment, and then be punished as for contempt if he fails so to do.

The judgment appealed from is reversed, and remanded with instructions to modify the judgment in the particular indicated in the foregoing opinion.

Hadley, C. J., Mount, Crow, and Root, JJ., concur.