[No. 48646–8.   En Banc.   April 28, 1983.]

DAVID J. ORDELL, ET AL, *Appellants,* v. STEPHEN
M. GADDIS, ET AL, *Respondents.*

*David J. Ordell, William T. Lawrie,* and *Gary L. Brown,* pro se.

*Norm Maleng, Prosecuting Attorney,* and *Fred A. Kaseburg, Deputy,* for respondents.

BRACHTENBACH, J.—This case concerns court commissioners and raises three main issues. First, can the superior court appoint commissioners pro tempore to sit in place of temporarily absent court commissioners who have been appointed pursuant to Const. art. 4, § 23 and RCW 2.24-.010? Second, does Const. art. 4, § 23 limit each county to three court commissioners? Third, is a family law commissioner, appointed under RCW 26.12, a "commissioner" within the numerical limitation set by Const. art. 4, § 23?

The trial court held that the superior court had no authority to appoint pro tempore commissioners. Respondents cross–appeal that holding. The trial court also held that the family law commissioner did not violate the constitutional numerical limit of three commissioners per county. Appellants appeal that holding. We hold that pro tempore commissioners may be appointed and that a family law commissioner is not within the constitutional limitation.

The prosecutor, arguing on behalf of respondents, challenges the procedure employed by appellants and their standing. Appellants are attorneys whose practice is mainly in domestic relations matters. They sought a writ of prohibition against all functions performed by pro tempore commissioners and by the family law commissioner.

The prosecutor contends that only a quo warranto suit can challenge title to a public office, *Manlove v. Johnson,* 198 Wash. 280, 88 P.2d 397 (1939), and that only the prosecutor can initiate such challenge, *Mills v. State ex rel.*

*Smith,* 2 Wash. 566, 27 P. 560 (1891). Appellants do not challenge the personal qualifications of the involved commissioners. Instead they challenge the very legality, existence and jurisdiction of the offices themselves. This brings this action within the rule enunciated in *Barnes v. Thomas,* 96 Wn.2d 316, 318, 635 P.2d 135 (1981), and a writ of prohibition was the proper procedural mechanism.

Appellants have adequate standing to maintain this action. As attorneys they are officers of the court, their practice is largely before the officers whom they challenge, and they have raised issues of serious public importance affecting substantial segments of the population. Before bringing this action they requested the prosecutor to initiate suit which invitation he declined. Thus, appellants are within the standing rule set forth in *Washington Natural Gas Co. v. PUD 1,* 77 Wn.2d 94, 96, 459 P.2d 633 (1969).

Turning to the merits, we first address the power of the superior court to appoint pro tempore commissioners to serve in the place of temporarily absent regularly appointed commissioners. We hold that the court has inherent power to appoint pro tempore commissioners to serve in the temporary absence of regularly appointed commissioners. We emphasize that this ruling deals only with the temporary appointment of pro tempore commissioners to sit in place of regularly appointed commissioners. The power of appointment stems from the inherent right of the court to provide for the efficient administration of justice. *In re Juvenile Director,* 87 Wn.2d 232, 552 P.2d 163 (1976). Since there is no prohibition against such pro tempore commissioners, we believe it to be within the power of the superior court to continue an efficient program of assistance to the judges to allow the commissioner function to proceed in an orderly fashion when a regularly appointed commissioner is temporarily unavailable.

The next issue is whether Const. art. 4, § 23 limits the superior court judges to appointing three court commissioners per county. That section provides:

There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge, to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law.

Const. art. 4, § 23. An early decision of this court indicates that appointment of court commissioners was tied to counties, rather than to multi–county judicial districts. *Howard v. Hanson,* 49 Wash. 314, 95 P. 265 (1908). The court struck down a statute which provided that commissioners could only be appointed in counties that did not have a sitting judge. *Howard v. Hanson, supra* at 317–18. Instead, the court held Const. art. 4, § 23 authorizes the appointment of commissioners in all counties regardless of whether a judge sits in a particular county. Thus, the court apparently correlated commissioner appointments to each county. Also, in 1981, the voters of this state considered Senate Joint Resolution 107, a proposed constitutional amendment to remove the limitations on the powers and numbers of court commissioners. The 1981 voters pamphlet included the Attorney General's explanation of SJR 107: "The current constitutional maximum of three superior court commissioners in each county would be removed by this proposed constitutional amendment." Official Voters Pamphlet 9 (1981). Both the decision and the voters pamphlet explanation are based, in part, upon a literal reading of the phrase "in each county." We also believe such an interpretation is sensible and affirm the trial court holding that Const. art. 4, § 23 limits each county to three court commissioners.

■ The final issue is whether the position of family law commissioner exceeds the constitutional limit. Appellants' main argument is that the family law commissioner is a fourth commissioner and therefore beyond the constitutional limit of three. We do not agree. The duties and powers of a family law commissioner are substantially limited and quite dissimilar from those authorized by the constitu-

tion. An article 4, section 23 commissioner has authority "to perform like duties as a judge of the superior court at chambers". In contrast the family law commissioner is granted narrow and specific powers, expressly limited to functions pertinent to assisting the family court under RCW 26.12. RCW 26.12.060. The trial court made a finding of fact, to which no error is assigned, that the family law commissioner "does not claim nor act on the basis of having the full spectrum of powers vested in constitutional court commissioners described in Art. IV, § 23." Clerk's Papers, at 7. We agree with the trial court that the statute must be presumed constitutional, *Seattle v. Shepherd,* 93 Wn.2d 861, 865–66, 613 P.2d 1158 (1980), and that the Legislature created a different office than that described in Const. art. 4, § 23.

The trial court is affirmed as to its holdings on Const. art. 4, § 23 and the family law commissioner and reversed as to its holding regarding pro tempore commissioners.

WILLIAMS, C.J., ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, and PEARSON, JJ., and HENRY, J. Pro Tem., concur.