[No. 11258–9–I. Division One. April 2, 1984.]

LAURA J. LAKE, *Respondent,* v. STEVEN R. BUTCHER,
*Appellant.*

*Ordell, Lawrie & Brown,* and *William T. Lawrie,* for
appellant.

*Laura J. Lake,* pro se, and *Elizabeth Thomas* of *Ever-
green Legal Services,* for respondent.

*Leen & Moore, Inc., P.S.,* and *David A. Leen,* for guardian ad litem.

WILLIAMS, J.—Laura Lake brought this action to establish that Steven Butcher is the father of her minor child. The trial court denied Butcher's motion to dismiss. Butcher did not answer. Eventually, an order of default and a default judgment were entered, determining that Butcher is the child's father and providing for custody, visitation, and child support. Butcher appeals; we affirm.

The undisputed facts are that the parties were married during March 1978 in Minnesota and divorced in Iowa in 1980. They were separated from mid–1978 on, except for a single 1–month period, commencing November 7, 1978, when they cohabited in King County. They engaged in sexual intercourse during this month. Lake gave birth to a child on August 15, 1979 in Seattle.

Butcher first contends that RCW 26.26, the Uniform Parentage Act, is unconstitutional because it grants personal jurisdiction over him solely upon the basis of an act of sexual intercourse performed within the state. RCW 26.26.080(2). He argues that Washington "is an inconvenient forum for the Defendant" and that "Lake's wanderings cannot be the basis for finding jurisdiction."

The due process requirements relating to personal jurisdiction have previously been set forth by this court:

> The existence of personal jurisdiction depends upon (1) reasonable notice to the defendant that an action has been brought; and (2) a sufficient connection between the defendant and the forum state as to make it fair to require defense of the action in that forum. *Kulko v. Superior Ct.,* 436 U.S. 84, 91, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978). Thus the cases have declared that three basic factors must coincide if our courts are to exercise jurisdiction:
>
>> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by

the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

(Footnotes omitted.) *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 115–16, 381 P.2d 245 (1963); *In re Miller,* [86 Wn.2d 712, 719, 548 P.2d 542 (1976)].

*In re Marriage of Hall,* 25 Wn. App. 530, 535–36, 607 P.2d 898 (1980).

 Jurisdiction over Butcher is based upon RCW 26.26-.080(2), which provides:

A person who has sexual intercourse in this state thereby submits to the jurisdiction of the courts of this state as to an action brought under this chapter with respect to a child who may have been conceived by that act of intercourse. In addition to any other method provided by statute, personal jurisdiction may be acquired by personal service of summons outside this state or by service in accordance with RCW 4.28.185 as now or hereafter amended.

Obtaining personal jurisdiction over Butcher on the basis of RCW 26.26.080(2) is proper. First, Butcher was served and had actual knowledge of the action. Second, the cause of action arises from Butcher's act of sexual intercourse in this state. Finally, it does not offend traditional notions of fair play or substantial justice to hold that a man who fathers a child in this state has established sufficient contacts with the state to support the assertion of personal jurisdiction over him in an action concerning that child. *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963); *In re Marriage of Hall, supra. Accord, Adam v. Van Buren,* 315 N.W.2d 319 (S.D. 1982).

This decision is consistent with relevant Supreme Court decisions. In *In re Miller,* 86 Wn.2d 712, 548 P.2d 542 (1976), the court held that a nonresident father's tortious action in neglecting to support his children residing in Washington allowed assertion of personal jurisdiction over

him pursuant to RCW 4.28.185(1)(b).[1] In so holding, the court stated:

> In determining whether the respondent is accorded the "fair play and substantial justice" requirement of the *Tyee* jurisdictional formula, this must be considered in context with and cannot be divorced from the nature of the underlying controversy which evoked this litigation. *One also must keep in mind that the welfare of the children is the paramount concern, coupled with the secondary interests of the parents and the state in the resolution of this issue.*

(Italics ours.) *Miller,* at 720. The same concerns apply in this case.

Our decision is also consistent with the Supreme Court's decision in *In re Marriage of Myers,* 92 Wn.2d 113, 594 P.2d 902 (1979). In *Myers,* the court stated that personal jurisdiction over a nonresident father was properly gained pursuant to a section of the "long–arm statute" subjecting a person to the jurisdiction of this state's courts for any cause of action arising from "[t]he act of sexual intercourse within this state with respect to which a child may have been conceived." RCW 4.28.185(1)(e).

A society which does not protect and nurture its children is doomed. By adopting the Uniform Parentage Act, the Legislature has lawfully placed upon persons begetting children in this state the obligation of supporting them. Butcher was personally served with process in Iowa and was amenable to the jurisdiction of the State of Washington.

Butcher's next contention, that the default order was improperly entered because the action was taken by a court commissioner pro tempore, is without merit. The

---

[1]RCW 4.28.185 provides, in part:

"(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: . . .

"(b) The commission of a tortious act within this state;"

superior court has inherent authority to appoint commissioners pro tempore to sit in place of temporarily absent regularly appointed commissioners. *Ordell v. Gaddis,* 99 Wn.2d 409, 411, 662 P.2d 49 (1983). There is no indication in the record that the pro tempore commissioner who entered the default order, a duly sworn district court judge, was acting other than in this authorized capacity.

■ Butcher next contends that the order of default is void because proof of service was not contained in the court file at the time the order was entered. *See* CR 55(b)(4). Butcher did not raise this issue in the trial court, so has waived it. *Raymond v. Fleming,* 24 Wn. App. 112, 600 P.2d 614 (1979), *review denied,* 93 Wn.2d 1004 (1980); *see* CR 12(h)(1). In any event, "[i]t is the fact of service that confers jurisdiction, not the return . . .", *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 227, 273 P.2d 803 (1954), and there is no doubt but that Butcher was personally served.

■ Butcher further contends that the Iowa decree of dissolution, which states that no children issued from the marriage, forecloses consideration of Lake's child's paternity in this state. This argument fails for several reasons. First, Butcher has not established that the issue of paternity was litigated in the Iowa court and, therefore, the doctrine of res judicata does not apply. *Luisi Truck Lines, Inc. v. Washington Utils. & Transp. Comm'n,* 72 Wn.2d 887, 435 P.2d 654 (1967); *Rufener v. Scott,* 46 Wn.2d 240, 280 P.2d 253 (1955). Second, Butcher has not shown that the Iowa court had jurisdiction over Lake when the decree was entered. Therefore, the Iowa decree is not binding insofar as it purports to determine issues beyond the in rem legal marital status of the parties. *Fuller v. Ostruske,* 48 Wn.2d 802, 296 P.2d 996 (1956); *see Vanderbilt v. Vanderbilt,* 354 U.S. 416, 1 L. Ed. 2d 1456, 77 S. Ct. 1360 (1957); *Estin v. Estin,* 334 U.S. 541, 92 L. Ed. 1561, 68 S. Ct. 1213, 1 A.L.R.2d 1412 (1948). Finally, inasmuch as Butcher presented an order in a Washington dissolution action, brought by Lake and commenced before the Iowa proceed-

ing, which when entered provided that the action be dismissed on the condition that the dismissal be without prejudice to the subsequent determination of paternity and support for Lake's child, he is equitably estopped from now asserting to the contrary. *Raymond v. Fleming, supra.*

Butcher also contends that the judgment exceeds the relief sought in the complaint because it contains provisions for future changes in support and requires him to pay medical and dental expenses of the child, to make payment to the guardian ad litem, and to give copies of his income tax returns to Lake. The prayer in the complaint asks for a declaration that Butcher is the father, for determination of custody and visitation rights, and for reasonable child support. The provisions complained about inhere in the award of child support and are in aid of the judgment. The relief awarded is within the scope of the relief requested. *Gattavara v. Henrikson,* 3 Wn. App. 585, 476 P.2d 131 (1970); CR 54(c).

The remaining assignments of error are inconsequential. Lake is awarded costs and $2,000 for attorney's fees on appeal.

Affirmed.

SWANSON, J., and JOHNSEN, J. Pro Tem., concur.

Reconsideration denied July 26, 1984.

Review denied by Supreme Court October 19, 1984.