ESSEX COUNTY DIVISION OF WELFARE AS ASSIGNEE OF
B.S., PLAINTIFF-APPELLANT, v. J.S.,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 2, 1985—Decided November 12, 1985.

Before Judges BRODY and BAIME.

*Thomas M. Bachman,* Assistant Essex County Counsel, argued the cause for plaintiff-appellant (*David H. Ben-Asher,* Essex County Counsel, attorney; *Allen Zaks,* Assistant Essex County Counsel, of counsel; *Thomas M. Bachman,* on the brief).

*John T. Discepolo* argued the cause for defendant-respondent (*James Logan, Jr.,* attorney; *John T. Discepolo,* on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

This is an action for support of an out-of-wedlock child in which defendant denies paternity. The denial added a paternity

action to the support action as provided in *N.J.S.A.* 9:17–46(a) of the New Jersey Parentage Act, *N.J.S.A.* 9:17–38 *et seq.* The child's mother had commenced the support action in December 1983, by filing a verified complaint in which she swore that defendant is the father. Sometime later, when the mother began to receive public assistance from the Essex County Division of Welfare, she assigned her claim for the child's support to that agency. The County thereby became the plaintiff in this action.

The mother did not appear on the scheduled trial date. Defendant's attorney represented to the court that she told his client and others that defendant was not the father and that she did not wish to pursue the matter. The trial court thereupon dismissed the action "with prejudice." The County appeals the dismissal. We reverse.

The judge said that he was dismissing the action because the mother would not voluntarily submit to a blood test and did not appear on the date set for trial. He purportedly acted under the authority of *R.* 1:2–4(a), which offers a trial judge an array of sanctions, including dismissal, against a party who "without just excuse or because of failure to give reasonable attention to the matter" fails to appear or requests an adjournment on the day of trial.

■ The trial court and the parties overlooked the Parentage Act that became effective in May 1983, and governs paternity actions. No consent conference was held by the court's intake service, the county probation department or plaintiff welfare agency contrary to the mandate of *N.J.S.A.* 9:17–48(a). The court did not order blood tests as it may pursuant to *N.J.S.A.* 9:17–48(d) when the conference fails to produce a court-approved settlement. *See N.J.S.A.* 9:17–48(c). The action was prematurely set for trial. A paternity action may be set for trial only after a party refuses to accept the final court-approved recommendation of the court's intake service made after

the blood test results are known. *N.J.S.A.* 9:17–48(d). The required recommendation was not made, nor was there a determination of futility that would excuse making it. *N.J.S.A.* 9:17–48(f).

Under the Parentage Act, the interested parties in a paternity action are not just the mother and the putative father. They also include the child or his legal representative and welfare agencies that are providing support for the child. *N.J.S.A.* 9:17–45(a). The child may be made a party by the appointment of a guardian *ad litem*. *N.J.S.A.* 9:17–47. The welfare agency does not need an assignment from the mother to participate as a party. A mother cannot defeat the interests of the child and the welfare agency by simply not showing up for a blood test or for trial. The court not only may compel her to submit to a blood test but may also compel her to testify. *N.J.S.A.* 9:17–50(a).

The trial court mistakenly treated the mother's absence from court as the absence of a neglectful plaintiff. By dismissing the action with prejudice, the court assumed that only she and the putative father have an interest in the issue of paternity. The Parentage Act recognizes that resolution of a paternity issue affects the interests of the child and the community as well. That legislative intent is expressed in *N.J.S.A.* 9:17–45(d) which provides:

> Regardless of its terms, an agreement, other than an agreement approved by the court in accordance with subsection 11c. [*N.J.S.A.* 9:17–48(c)] between an alleged or presumed father and the mother of the child, shall not bar an action under this section.

█ The Parentage Act charges the Family Part and its staff with the duty to conclude paternity actions justly either by court-approved settlement or by adjudication. A paternity action may not be dismissed with prejudice—even though the mother has lost interest in the action—without considering the interests of the child and any welfare agency supporting the child.

Reversed and remanded for further proceedings. We do not retain jurisdiction.