968 A.2d 211

C.L., PLAINTIFF–RESPONDENT, v. W.S.,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 3, 2009—Decided April 17, 2009.

Before Judges SKILLMAN, GRAVES and GRALL.

*Richard J. Abrahamsen,* attorney for appellant.

*Robert W. Mayer,* attorney for respondent.

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The primary issue presented by this appeal is whether defendant's act of impregnating plaintiff in New Jersey in 1986 and substantial other contacts with New Jersey around that time were sufficient to support the New Jersey courts' jurisdiction over

defendant with respect to plaintiff's claims for a declaration of paternity and child support under the Parentage Act, *N.J.S.A.* 9:17–38 to –59.

According to plaintiff's certifications, she was engaged to and had an exclusive sexual relationship with defendant in the mid–1980s. She lived in Prospect Park, New Jersey, during her engagement and defendant spent extended periods of time at her home. Plaintiff became pregnant in 1986. Defendant asked her to have an abortion, but she refused. Defendant then ended the engagement.

Plaintiff gave birth to a daughter, Martha,[1] on June 22, 1987. After Martha's birth, defendant allegedly lived in Englewood, New Jersey. Defendant gave plaintiff $3000 before Martha's birth and $15,000 shortly afterwards to help with child care expenses. However, defendant did not pay plaintiff any additional money thereafter, and he disappeared a year or two later.

Plaintiff has continued to live in New Jersey since Martha's birth. Martha is now an adult, but she was born with Cerebral Palsy and, according to plaintiff, has medical problems which cause her to be "house-bound" and prevent her from working. Plaintiff alleges that Martha will be dependent upon her for support and a place to live for the rest of her life.

According to defendant's certification, he was a resident of Pennsylvania during 1986 and 1987. He denied plaintiff's paternity claim, but did not dispute any of plaintiff's other allegations regarding his engagement to and sexual relationship with her or his payments to her around the time of Martha's birth. Defendant alleges that he has been a North Carolina resident for the last eight years and was a Georgia resident for many years before that.

On August 15, 2005, plaintiff brought this action under the Paternity Act seeking a declaration of defendant's paternity of

---

[1] To preserve anonymity, we have used a fictitious name for the daughter.

Martha and child support. Defendant was served with the complaint in North Carolina. Defendant does not question the validity of that service.

The case was brought before the court on September 16, 2005. Defendant appeared by telephone from North Carolina and his attorney appeared in the courtroom. Neither defendant nor his counsel entered a limited appearance for purposes of contesting personal jurisdiction or otherwise disputed jurisdiction. As a result of this hearing, the trial court entered an order which, among other things, ordered defendant to submit to a paternity test.

Defendant did not undergo the paternity test ordered by the court. Instead, he filed a motion to dismiss plaintiff's complaint on the ground that he did not have the "minimum contacts" with New Jersey required to support the jurisdiction of the New Jersey courts under the Due Process Clause of the United States Constitution. The trial court denied the motion, concluding that the allegation that Martha "was conceived as a result of sexual intercourse between the parties in the [S]tate of New Jersey" was sufficient for the New Jersey courts to exercise jurisdiction over defendant. Defendant filed an appeal from this order, which we dismissed as interlocutory in an unpublished opinion. *C.L. v. W.S.*, No. A–1407–05T2, 2006 WL 1477586 (May 31, 2006).

Thereafter, plaintiff filed what she characterized as a "motion for final relief," which sought a declaration that defendant is Martha's biological father and that, because of her dependency upon plaintiff, Martha is not emancipated. The motion also sought an award of child support from Martha's birth to the present date. The motion was served upon the attorney who represented defendant both before the trial court and on his prior appeal to this court. No opposition to the motion was filed on defendant's behalf.

The trial court granted plaintiff's motion and entered an amended order on June 5, 2007, which declared that defendant is

Martha's biological father and that Martha is not emancipated.[2] The court also ordered defendant to pay $222 per week for Martha's support plus 66% of her medical expenses. In addition, the court ordered defendant to pay plaintiff $3500 for her counsel fees and $126,984 in retroactive child support at $222 per week, beginning in 1994 when the court found "plaintiff began petitioning the court."[3] Defendant appeals from this order.

At a pre-briefing conference before this court, defendant indicated that he sought a temporary remand for the purpose of moving for relief from the orders under appeal. Plaintiff indicated that she had no objection to a temporary remand, but would oppose any relief. Accordingly, this court entered an order remanding the case to the trial court "for the limited purpose of enabling [defendant] to file ... a motion for relief from said orders, and if granted, for a final determination of the issue of personal jurisdiction."

As authorized by this order, defendant moved for relief from the orders under appeal. Defendant again sought dismissal of plaintiff's complaint on the ground that he did not have sufficient contacts with New Jersey to support the exercise of long-arm jurisdiction by the New Jersey courts. In the alternative, defendant moved for relief from the orders on the ground that plaintiff's "motion for final relief" had not provided him adequate notice of the relief plaintiff sought and that plaintiff had procured those orders by "fraud, misrepresentation and misconduct."

After hearing argument by counsel and brief testimony by plaintiff, the trial court reaffirmed its prior conclusion that defen-

---

[2] This order added certain provisions relating to retroactive child support and counsel fees to a prior order entered on May 29, 2007, but repeated all of the other decretal provisions of the earlier order. Although defendant's notice of appeal refers to both orders, we treat the appeal as solely from the later superseding order.

[3] Plaintiff filed a prior action against defendant in 1994 for a declaration of his paternity of Martha and support, which was dismissed due to defective service of process.

dant had sufficient contacts with New Jersey for our courts to exercise jurisdiction over defendant with respect to plaintiff's paternity claim. The court declined to consider the part of defendant's motion that challenged the parts of the orders under appeal that awarded plaintiff support.

Subsequently, we remanded the case a second time for the purpose of the trial court deciding the remaining issues raised by defendant's motion. On that remand, the trial court issued an oral opinion and order rejecting all of defendant's arguments relating to the orders awarding support for Martha.

On appeal, defendant argues that the New Jersey courts' exercise of jurisdiction over him to hear plaintiff's claims under the Paternity Act violated the Due Process Clause. In addition, defendant argues that the proceedings before the trial court violated the Paternity Act and were procedurally deficient.

We conclude that the New Jersey courts have jurisdiction over defendant with respect to plaintiff's Paternity Act claims. However, we reverse the order appointing plaintiff as guardian ad litem for Martha and also remand the case to the trial court to afford defendant an opportunity to move under *Rule* 4:50 for relief from the retroactive support provisions of the June 5, 2007 order.

I.

The Parentage Act includes a long-arm jurisdiction provision that subjects a person who conceives a child in this State to the jurisdiction of our courts:

> A person who has sexual intercourse in this State thereby submits to the jurisdiction of the courts of this State as to an action brought under this act with respect to a child who may have been conceived by that act of intercourse.
> [*N.J.S.A.* 9:17-46(b).]

The Uniform Interstate Family Support Act (UIFSA), which was adopted in this State by chapter 2 of the Laws of 1998, *N.J.S.A.* 2A:4-30.65 to -30.123, includes a similar long-arm jurisdiction provision:

> In a proceeding to establish ... a support order or to determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual ... if:
>
> ....
>
> the individual engaged in sexual intercourse in this State and the child may have been conceived by that act of intercourse....
>
> [*N.J.S.A.* 2A:4–30.68(f).]

Thus, it is clear as a matter of State law that New Jersey has jurisdiction over defendant with respect to plaintiff's Paternity Act claim. The only question is whether, under the circumstances of this case, the exercise of that jurisdiction violates the Due Process Clause.[4]

In order for a State's exercise of jurisdiction over a non-resident defendant to satisfy the Due Process Clause, "defendant's contacts with the forum State must be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *World–Wide Volkswagen Corp. v. Woodson,* 444 *U.S.* 286, 292, 100 *S.Ct.* 559, 564, 62 *L.Ed.*2d 490, 498 (1980) (quoting *Int'l Shoe Co. v. Washington,* 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 102 (1945)) (other citations omitted). The "minimum contacts" with the forum State required to exercise jurisdiction over a non-resident will be found if a defendant "purposely avails [himself] of the privilege of conducting activities within the forum State" and his contacts with the State are of a nature that "he should reasonably anticipate being haled into court there." *World–Wide Volkswagen, supra,* 444 *U.S.* at 297, 100 *S.Ct.* at 567, 62 *L.Ed.*2d at 501. "[P]rotection against inconvenient litigation [outside a defendant's state of residence] is typically described in terms of 'reasonableness' or 'fairness.'" *Id.* at 292, 100 *S.Ct.* at 564, 62 *L.Ed.*2d at 498. "Implicit in the emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the

---

4 We do not address plaintiff's argument that defendant waived any objection to the New Jersey courts exercising personal jurisdiction over him by entering a general appearance before the trial court on September 16, 2005.

forum State's interest in adjudicating the dispute [and] the plaintiff's interest in obtaining convenient and effective relief...." *Ibid.*; *see also Kulko v. Cal. Superior Ct.*, 436 *U.S.* 84, 92, 98 *S.Ct.* 1690, 1696–97, 56 *L.Ed.*2d 132, 141 (1978).

In determining whether a non-resident had sufficient contacts with a state for its courts to exercise jurisdiction over him, the Supreme Court distinguishes between cases where a cause of action directly relates to the defendant's contacts with the State and cases where a cause of action is unrelated to those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 *U.S.* 408, 414, 104 *S.Ct.* 1868, 1872, 80 *L.Ed.*2d 404, 411 (1984); *see also Waste Mgmt., Inc. v. Admiral Ins. Co.,* 138 *N.J.* 106, 119, 649 *A.*2d 379 (1994), *cert. denied,* 513 *U.S.* 1183, 115 *S.Ct.* 1175, 130 *L.Ed.*2d 1128 (1995). If a cause of action directly relates to a non-resident's contacts with the forum state, the state's jurisdiction is referred to as "specific"; if the cause of action is unrelated to those contacts, "the State [is] said to be exercising 'general jurisdiction' over the defendant." *Helicopteros Nacionales, supra,* 466 *U.S.* at 414 n. 9, 104 *S.Ct.* at 1872, 80 *L.Ed.*2d at 411. If a plaintiff's cause of action is predicated on specific jurisdiction, "an isolated act may be sufficient to subject the defendant to the jurisdiction of the forum." *Charles Gendler & Co. v. Telecom Equip. Corp.,* 102 *N.J.* 460, 471, 508 *A.*2d 1127 (1986).

This case involves an exercise of "specific" jurisdiction because plaintiff's Paternity Act claim directly relates to defendant's activities in New Jersey during the period of time he was engaged to plaintiff. Moreover, defendant was aware during the period of his engagement to plaintiff that she was a New Jersey resident, and defendant himself spent a substantial amount of time in New Jersey. These substantial contacts with New Jersey establish that defendant "purposefully avail[ed] [himself] of the privilege of [engaging in sexual] activities within [New Jersey]" and that "he should reasonably [have] anticipate[d] being haled into court [in New Jersey]" to respond to a claim for a declaration of paternity and support if those activities resulted in the concep-

tion of a child. *World–Wide Volkswagen, supra,* 444 *U.S.* at 297, 100 *S.Ct.* at 567, 62 *L.Ed.*2d at 501. This State's jurisdiction over defendant with respect to plaintiff's paternity claim is also supported by "other relevant factors," including both New Jersey's "interest" in providing a forum for a New Jersey domiciliary to obtain support and "plaintiff's interest in obtaining convenient and effective relief." *Id.* at 292, 100 *S.Ct.* at 564, 62 *L.Ed.*2d at 498.

Our conclusion that New Jersey's exercise of long-arm jurisdiction over defendant to hear plaintiff's Paternity Act claim does not violate the Due Process Clause is supported by decisions in other jurisdictions. *See, e.g., Davis–Johnson v. Parmelee,* 18 *S.W.*3d 347, 352 (Ky.Ct.App.1999); *Landoll v. Dovell,* 779 *S.W.*2d 621, 625–26 (Mo.Ct.App.1989); *Lake v. Butcher,* 37 *Wash.App.* 228, 679 *P.*2d 409, 411–12, *review denied,* 102 Wash.2d 1020 (1984).

In support of his argument that New Jersey cannot exercise long-arm jurisdiction over him, defendant relies primarily upon our opinion in *Katz v. Katz,* 310 *N.J.Super.* 25, 707 *A.*2d 1353 (App.Div.1998). *Katz* was brought by a New Jersey resident to enforce an alleged obligation of her former spouse, a California resident, to pay for the costs of their daughter's college education. *Id.* at 29, 707 *A.*2d 1353. The parties were married in New Jersey but thereafter moved to Pennsylvania, where they separated and ultimately divorced. *Id.* at 28, 707 *A.*2d 1353. Following the divorce, plaintiff moved back to New Jersey, but defendant, with two brief exceptions, did not return to New Jersey. *Ibid.* Plaintiff's New Jersey action, brought approximately ten years after the divorce, was based in part on the property settlement incorporated in the parties' Pennsylvania judgment of divorce. *Id.* at 28–29, 707 *A.*2d 1353. We concluded that defendant's contacts with New Jersey were insufficient to support the exercise of personal jurisdiction. In reaching this conclusion, we stated:

> Defendant left New Jersey seventeen years ago and has only returned here twice, briefly. Whatever ties he may have had with this State have evaporated over the years and New Jersey's power to exercise personal jurisdiction over him has similarly disappeared.

> Further, that the parties may have been married in this State does not add to the analysis. They freely moved their marital domicile to Pennsylvania and concluded their marital and familial obligations to each other in Pennsylvania, under Pennsylvania law.
>
> [*Id.* at 32, 707 *A.*2d 1353.]

The critical distinction between *Katz* and this case is that the cause of action in *Katz* was unrelated to defendant's contacts with New Jersey, *see id.* at 32–33, 707 *A.*2d 1353, and thus involved an issue of "general" jurisdiction while plaintiff's cause of action directly relates to defendant's contacts with New Jersey and thus involves "specific" jurisdiction. The responsibility for the payment of child support, including the costs of higher education, is one of the obligations imposed under a judgment of divorce. *See Sharp v. Sharp,* 336 *N.J.Super.* 492, 503–04, 765 *A.*2d 271 (App. Div.2001). Thus, the plaintiff's cause of action for such support in *Katz* arose out of the parties' marital domicile and divorce in Pennsylvania. Consequently, Pennsylvania would have had continuing jurisdiction over defendant to rule upon any post-judgment claim for support even if defendant had no contacts with Pennsylvania after the divorce. *See Restatement (Second) of Conflict of Laws* § 26 (1971). Indeed, under the UIFSA, which has been enacted by both New Jersey, *N.J.S.A.* 2A:4–30.65 to –30.123, and Pennsylvania, 23 Pa. Cons.Stat. §§ 7101 to 7901, a state that has issued a child support order has continuing, exclusive jurisdiction over any issue of child support unless and until jurisdiction is transferred to another state. *See Sharp, supra,* 336 *N.J.Super.* at 504–05, 765 *A.*2d 271.

In contrast to *Katz,* plaintiff's cause of action arose out of her engagement to and sexual relationship with defendant in New Jersey. Both the Paternity Act and the UIFSA provide that participation in sexual intercourse in New Jersey and the resulting alleged conception of a child constitute a sufficient contact with New Jersey to support the jurisdiction of the New Jersey courts over a claim for paternity and child support. *N.J.S.A.* 9:17–46(b); *N.J.S.A.* 2A:4–30.68(f). Moreover, the parties' contacts with New Jersey were not limited to a fleeting act of sexual intercourse.

Plaintiff was then and has continued to be a New Jersey domiciliary. Defendant was engaged to plaintiff and spent a substantial amount of time at her home. Thus, defendant had to have been aware that if the parties terminated their engagement and he left New Jersey, it was likely that plaintiff and any child their relationship might produce would remain in New Jersey. Moreover, the entirety of the parties' relationship occurred in New Jersey. The substantiality of the parties' contacts with New Jersey clearly establishes the reasonableness and fairness of New Jersey's exercise of jurisdiction to determine plaintiff's paternity claim.

## II.

Under Point II of his brief, defendant argues that the appointment of plaintiff as guardian ad litem for Martha violated the Paternity Act. Defendant also argues that the proceedings before the trial court were procedurally deficient and that he should have been granted relief under *Rule* 4:50.

*N.J.S.A.* 9:17–47 provides in pertinent part:

> The child may be made a party to the action. If the child is a minor and is made a party, a guardian ad litem may be appointed by the court to represent the child. *The child's mother or father may not represent the child as guardian or otherwise.* [Emphasis added.]

Martha was not made a party to this action. Moreover, she was not a minor when the action was filed. Consequently, we question the need for appointment of a guardian ad litem. Nevertheless, by order entered on September 16, 2005, the trial court appointed plaintiff guardian ad litem for Martha. This appointment violated *N.J.S.A.* 9:17–47 and therefore must be vacated. However, the vacation of this order does not affect the substantive provisions of the June 5, 2007 order because plaintiff never acted in the role of Martha's guardian ad litem. On remand, the trial court may appoint a party other than plaintiff as her guardian ad litem if the court concludes such an appointment is necessary for the protection of her interests. *See Essex County Div. of Welfare v. J.S.,* 205 *N.J.Super.* 244, 247, 500 *A.*2d 742 (App.Div.1985).

■ As previously discussed, during the pendency of this appeal, we granted defendant's motion for a temporary remand to afford him an opportunity to move for relief from the orders under appeal. One ground upon which defendant sought relief was that plaintiff's complaint had not asserted a claim for retroactive child support and as a result he was not provided adequate notice of this claim. The trial court rejected this claim on the ground that the motion that resulted in entry of the June 5, 2007 order had sought retroactive child support and that this motion had been properly served upon defendant's counsel. Although we agree that the motion was properly served, we are concerned that due to the omission of a claim for retroactive child support in plaintiff's form complaint and the primary focus upon the jurisdictional issue in the proceedings before the trial court, defendant may not have appreciated the magnitude of the relief sought by plaintiff. Therefore, we conclude that the interests of justice would be best served by a remand to the trial court for reconsideration of the award of retroactive child support. *See L.V. v. R.S.*, 347 *N.J.Super.* 33, 43–44, 788 *A.*2d 881 (App.Div.2002) (discussing the considerations relevant to an award of retroactive child support in a paternity action).

Accordingly, we affirm the June 5, 2007 order with the exception of the provision for retroactive child support. We reverse the part of the September 16, 2005 order appointing plaintiff as guardian ad litem for Martha. We also reverse the part of the June 5, 2007 order awarding plaintiff retroactive child support and remand that part of the case to the trial court for reconsideration. Jurisdiction is not retained.