# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3590-18T2

HUDSON COUNTY
DEPARTMENT OF FAMILY
SERVICES o/b/o KATHERINE
CALCANO,

     Plaintiff-Respondent,

v.

ANGELO E. MATEO,

     Defendant-Appellant.

_____

Argued February 12, 2020 – Decided March 11, 2020

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FD-09-1173-19.

Angelo E. Mateo, appellant, argued the cause pro se.

Catherine Healy argued the cause for respondent.

PER CURIAM

Defendant Angelo Mateo appeals from the March 25, 2019 Family Part orders, establishing child support for N.M. and L.M., claiming New Jersey courts lack personal jurisdiction over him. We disagree and affirm.

When N.M. was born at Hackensack Hospital in April, 2007, defendant executed a certificate of parentage (COP) dated April 30, 2007. In the COP, defendant certified that he was the natural father of N.M., and that he resided with Katherine Calcano, the child's mother, in North Bergen, where the parties would presumably reside with the child once discharged from the hospital. Calcano gave birth to L.M. one year and nine months later, in January, 2009. No COP was executed for L.M.

On behalf of Calcano, on February 25, 2019, the Hudson County Department of Family Services (HCDFS) filed a complaint against defendant to establish paternity of L.M. and child support for both children, pursuant to Rule 5:6-1, providing that "a summary action for support may be brought by either the party entitled thereto, or an assistance agency . . . provided no other family action is pending in which the issue of support has been or could be raised." In accordance with Rule 5:4-1(b), a summons was issued to defendant at an address in Wilmington, Delaware, notifying him to appear before a Hudson County child support hearing officer (CSHO) on March 25, 2019, to answer the complaint.

On the morning of March 25, defendant appeared before the CSHO for the limited purpose of contesting personal jurisdiction and service. As a result, the case was referred to a Family Part judge, see R. 5:25-3(b)(7), who determined that, based on the contents of the COP, as well as the fact that both Calcano and the children were residents of Hudson County and recipients of Temporary Aid to Needy Families (TANF) benefits through HCDFS, "the [c]ourt [had] jurisdiction over th[e] matter." Specifically, the judge determined that defendant was properly served by both regular and certified mail, evidenced by the fact that he appeared on the scheduled date, and, based on the totality of the circumstances, was subject to the jurisdiction of the court.

When the judge asked defendant whether he wanted to undergo a paternity test to challenge paternity of L.M., defendant responded "[n]o."[1] Relying on the COP and defendant's response, the judge determined that paternity was established as to both children. The judge then proceeded to ask defendant a series of questions in order to establish child support. When defendant refused to answer the questions, the judge imputed income at minimum wage, awarded "no credits" or "deductions," and referred the matter back to the CSHO to

---

[1] Defendant refused to be sworn but was administered an affirmation at the beginning of the proceedings.

A-3590-18T2

calculate child support in accordance with the Child Support Guidelines.  See Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Appendix IX to <u>R.</u> 5:6A, www.gannlaw.com (2019).

On the afternoon of March 25, although defendant appealed the CSHO's ensuing recommendation as permitted under <u>Rule</u> 5:25-3(d)(2), he failed to appear before the judge for a de novo hearing.  Accordingly, the judge affirmed the CSHO's decision, imputing minimum wage to defendant and establishing child support for both children in the amount of "$100 per week plus $5 towards arrears dating back to the date of filing."  This appeal followed.

On appeal, defendant renews his jurisdictional challenge.  Although we exercise de novo review of the trial court's legal decision on personal jurisdiction, <u>YA Glob. Invs., L.P. v. Cliff</u>, 419 N.J. Super. 1, 8 (App. Div. 2011), we will not disturb the trial court's finding of jurisdictional facts so long as they are supported by sufficient credible evidence in the record.  <u>Jacobs v. Walt Disney World, Co.</u>, 309 N.J. Super. 443, 452 (App. Div. 1998).  These principles of personal jurisdiction apply to litigation in which a plaintiff seeks to impose affirmative duties on a defendant, including child support.  <u>See</u> <u>Katz v. Katz</u>, 310 N.J. Super. 25, 31 (App. Div. 1998).

Pertinent to this appeal, N.J.S.A. 2A:4-30.129(a) provides the bases for personal jurisdiction over a non-resident as follows:

> In a proceeding to establish or enforce a support order or to determine parentage of a child, a tribunal of this State may exercise personal jurisdiction over a nonresident individual . . . if:
>
> (1)    the individual is personally served with a summons or notice within this State;
>
> (2)    the individual submits to the jurisdiction of this State by consent in a record, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
>
> (3)   the individual resided with the child in this State;
>
> (4)    the individual resided in this State and provided prenatal expenses or support for the child;
>
> (5)   the child resides in this State as a result of the acts or directives of the individual;
>
> (6)   the individual engaged in sexual intercourse in this State and the child may have been conceived by that act of intercourse;
>
> (7)   there is any other basis consistent with the constitutions of this State and the United States for the exercise of personal jurisdiction.

Even if one or more of the long-arm jurisdictional provisions of N.J.S.A. 2A:4-30.129(a) is satisfied, the court must still consider whether "the exercise of that jurisdiction violates the Due Process Clause." C.L. v. W.S., 406 N.J. Super. 484, 491 (App. Div. 2009). "[T]o satisfy the Due Process Clause, 'defendant's contacts with the forum State must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice."'" Ibid. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945))). The requisite

> "minimum contacts" with the forum State required to exercise jurisdiction over a non-resident will be found if a defendant "purposely avails [himself] of the privilege of conducting activities within the forum State" and his contacts with the State are of a nature that "he should reasonably anticipate being haled into court there."
>
> [Ibid. (quoting Woodson, 444 U.S. at 297). See also Sharp v. Sharp, 336 N.J. Super. 492, 501 (App. Div. 2001).]

In deciding whether a non-resident's minimum contacts are sufficient, the court must distinguish between "specific" jurisdiction, where the "cause of action directly relates to the [non-resident's] contacts with the [forum] [s]tate," and "general" jurisdiction, where the "cause of action is unrelated to those

contacts." Id. at 492. "If a . . . cause of action is predicated on specific jurisdiction, 'an isolated act may be sufficient to subject the [non-resident] to the jurisdiction of the forum.'" Ibid. (quoting Charles Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460, 471 (1986)).

This case involves an exercise of "specific" jurisdiction because the child support claim directly relates to defendant's activities in New Jersey between 2006 and 2009, when the children were conceived. Because N.J.S.A. 2A:4-30.129(a) provides that engaging in sexual intercourse in New Jersey, conceiving children in New Jersey, and residing with the children conceived in New Jersey constitute sufficient contacts to support jurisdiction of New Jersey courts in a claim for child support, all of which occurred here, defendant is clearly subject to New Jersey's jurisdiction. Moreover, Calcano and the children have continued to be domiciled in New Jersey as evidenced by their receipt of TANF benefits through HCDFS. These significant and "substantial contacts with New Jersey establish that defendant 'purposefully avail[ed] [himself] of the privilege of [engaging in sexual] activities within [New Jersey]' and that 'he should reasonably [have] anticipate[d] being haled into court [in New Jersey]' to respond to a claim" for child support when those activities resulted in the

conception of his children. C.L., 406 N.J. Super. at 492 (alterations in original) (quoting Woodson, 444 U.S. at 297).

"The protection against inconvenient litigation [outside a defendant's state of residence] is typically described in terms of 'reasonableness' or 'fairness.'" Woodson, 444 U.S. at 292.

> Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute [and] the plaintiff's interest in obtaining convenient and effective relief . . . .
>
> [Ibid. (citations omitted).]

The substantiality of the parties' contacts with New Jersey clearly establishes the reasonableness and fairness of New Jersey's exercise of jurisdiction to determine defendant's obligation to pay child support for his two children.

Defendant's argument contesting service of the summons and complaint lacks sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E). As the judge found, service was effectuated in accordance with Rule 4:67-2, governing service of summary actions, and defendant's appearance on the scheduled court date, albeit to challenge jurisdiction, demonstrates that he received notice. See R. 5:4-1(b) and 4:4-3(a); see also Jameson v. Great Atlantic

and Pacific Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) ("It is elementary that service must be accomplished in accordance with the pertinent rules in such a way as to afford 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting Davis v. DND/ Fidoreo, Inc., 317 N.J. Super. 92, 97 (App. Div. 1998))).

To the extent we have not specifically addressed any of defendant's remaining arguments, including his contention that he is "not an individual, obligor, or person," and that "[t]he State of New Jersey," under its "parens patriae responsibility," is "in fact . . . the true obligor" and thus legally obligated "to support . . . its . . . children," we deem them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3590-18T2